Fuchsberg, J.
(dissenting). Because I cannot agree that it curtails the powers of its county legislature, for the further reasons which follow I too would not find that Monroe County Local Law No. 1 of 1978 is inoperative in the absence of provision for a permissive referendum (NY Const, art IX, § 1, subd [h], par [2]; Municipal Home Rule Law, § 34, subd 4).
As I read Local Law No. 1, all it does is eliminate the prior four-year term of the county manager (an appointed officer whose powers and tenure are not protected by these particular constitutional and statutory provisions), and replace it with an indeterminate term, with the incumbent hereafter to be removable without cause by a majority vote of the whole legislature. As Justices Hancock and Denman pointed out in their dissent below, the powers of the legislature as a body are not diminished by this measure. If anything, they are considerably enhanced. Indeed, the only group of legislators whose decisions might be impaired by the new law are those who left office before it was adopted.
Plaintiffs’ argument that the power to fix the length of time an appointee will serve is separate and independent from, rather than an incident of, the power of appointment itself, finds support neither in logic nor in precedent. A mere variation in the procedure whereby an elective officeholder chooses or removes his appointees has not heretofore been held to trigger a permissive referendum (see Amico v Erie County Legislature, 36 AD2d 415, affd 30 NY2d 729) except, for instance, in such situations as when appointive powers were newly subjected to confirmation by another body (Matter of Doherty v Sanvidge, 58 Misc 2d 347) or, most appositely, when a previous right to remove without cause has been newly fettered (Matter of Fogarty v Warden, 191 Misc 916, affd 273 App Div 910, affd 297 NY 963).
The facts in Fogarty, which the majority correctly notes is a case on which I place heavy reliance, underline the point I make by indicating what the result would have to be if the situation were the converse of the one here. In Fogarty, the Newburgh City Charter stated that the city manager should hold office "during the pleasure of the council”. An attempt *298 was made without referendum to alter this provision by adding a requirement that the manager could only be removed after the giving of notice and a public hearing. It was held that the amendment, which plainly imposed a severe limitation on the council’s discretion, was not operative because there had been no referendum. If a restriction on the power to remove without cause, as existed in Fogarty, was a curtailment, it can only follow that the adoption of such a provision in place of one inhibiting the local legislature’s removal power would be expansive.
The contention that the facets of the authority exercised by the legislature in appointing and removing a manager can be segregated into such water-tight categories as "appointment for a term of years” and "appointment subject to removal without cause” receives no sustenance from Fogarty. Semantic niceties cannot hide the reality that there is but a single power of appointment to be exercised and that the legislature’s range of freedom in doing so is not narrowed but broadened by Local Law No. 1.
The majority also attaches unwarranted significance to the supposedly "unique” character of the authorization of the local legislature to appoint an administrative officer for a fixed term to run beyond the terms of the appointing legislators themselves, parenthetically a power which it is not entirely clear could even be validly exercised (see Matter of Harrison Cent. School Dist. v Nyquist, 59 AD2d 434; Edsall v Wheler, 29 AD2d 622; cf. Matter of Board of Educ. v Yonkers Federation of Teachers, 40 NY2d 268, 275). In any event, since such a provision would operate only to the detriment of the successors in office of the individual legislators exercising it, it is inconceivable that the cited sections of the Constitution and Home Rule Law, which were intended to preserve the authority of incumbent elected officials, should be successfully invoked to bring about the effect they were meant to forestall.
Moreover, in stressing the need to guarantee the independence of the county manager from interference by the county legislature, a concept which draws on the doctrine of separation of powers so characteristic of our State and Federal governmental structures, the majority overlooks what is unique about the managerial form of local government. Far more analogous would be the relationship between the board of directors of a private corporation, in whom ultimate control resides and which, in that capacity, chooses corporate manag *299 ers to implement its decisions. The whole idea behind the city or county manager form of government is to introduce modern and efficient business practices into municipal and regional government. By no means was it intended to weaken the power of the legislature, whose responsibility is directly to the people by whom it is elected. The manager, on the other hand, is responsible only to the legislature, by whom he is appointed. Notedly, he is not an elected official and he possesses no power of veto. Accordingly, no referendum and no managerial consent is needed to legislate a change in his term or power. (See, generally, Cort v Smith, 249 App Div 1, affd 273 NY 481; 2 McQuillin, Municipal Corporations, § 9.21.)
In contrast, the decision by a local legislature to make such a change, is not, in such circumstances as exist here, a diminution of its collective powers as an institution. Consequently, in acting to untie its hands in its supervision of its administrative subordinate, the Monroe County Legislature was acting in consonance with the purposes of the managerial form of government.
Accordingly, I would vote to declare Monroe County Local Law No. 1 of 1978 operative without referendum.
Chief Judge Breitel and Judges Jones and Wachtler concur with Judge Gabrielli; Judge Cooke concurs in a concurring opinion; Judges Jasen and Fuchsberg dissent and vote to reverse in separate dissenting opinions.
In each case: Order affirmed.