LOUIS FERKIN, Respondent, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 25, TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, Appellant. — In an action to recover the reasonable value of services rendered by an attorney in connection with additional school construction and additional school sites, judgment for plaintiff as to the first cause of action reversed on the law, with costs, and complaint dismissed, with costs. We assume, but do not decide, that the contracts entered into between the parties prior to July, 1933, to the effect that plaintiff was to receive compensation at the rate of one per centum of a bond issue voted under specific propositions to be submitted at a district meeting for work preliminary to, coincident with and subsequent to such meeting, if such issue was approved, such provisions to obtain with respect to any alternative construction work approved within two years after rejection of the specific proposals, were valid. Such contracts terminated in December, 1933, and respondent's tender of services and appellant's rejection thereof related to a proposition which was submitted and approved in July of 1934. This was on the basis of an additional contract, approved by four outgoing members of the board, made in July, 1933, purporting to extend the obligation of appellant to respondent for a period of two years therefrom. On its face it was an attempt to impinge upon the exercise of the functions of the incoming members of the board, who were elected August 1, 1934, and so was void. (*Abrams* v. *Horton*, 18 App. Div. 208; *Mack* v. *Mayor*, 37 Misc. 371; affd. on opinion of Trial Term, 82 App. Div. 637; affd. without opinion, 176 N. Y. 573; *Connelly* v. *Commissioners*, 32 Misc. 489; *Vacheron* v. *City of New York*, 34 id. 420.) The authorities cited by the respondent have to do with appointments for one year or less, and were not made solely

for the purpose of enforcing the will of board members long after incumbency as the contract here plainly shows was the result desired. Furthermore, appellant was at liberty at any time to repudiate the contract and discharge the attorney. He had not performed thereunder for, at best, he could have recovered only reasonable value for services rendered in preparation of specific propositions, and the contracts relating thereto expired, as aforesaid, in December, 1933. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.