■ ELSIE W. EDSALL, Appellant, v. A. GORDON WHELER et al., Doing Business as STEARNS & WHELER, et al., Respondents.—Resettled order and further order unanimously modified in accordance with the Memorandum and as modified, affirmed; and order entered September 1, 1966 unanimously affirmed, all without costs. Memorandum: Upon defendants' motion for summary judgment, plaintiff cross-moved for partial summary judgment on issues denoted (a) through (j) in her notice of cross motion. Special Term in dismissing the complaint denied plaintiff's entire cross motion. Paragraph (i) requested that the court determine " that the contract and ' oral understandings ' between the defendants Wheler, Lynch and Briskin on the one hand, and the Village of Ilion, for general engineering services as consulting engineers in the construction of " several future Village projects " are unauthorized and beyond the powers delegated by law to the Village Board ". Plaintiff should have been granted summary judgment of this part of the cross motion. The effort to bind successor boards of the village to retain the engineers, Stearns and Wheler, " on the terms, conditions and considerations as hereinbefore set forth " is void for it purports to bind the village beyond the tenure of the board which made the contract and created an obligation in excess of that board's powers. The rule is broadly stated in 40 N. Y. Jur. (Municipal Corporations, § 809) that where a contract " involves a matter of discretion to be exercised by the

council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors." Starting with the early authorities of *Richmond County Gas-light Co.* v. *Town of Middletown* (59 N. Y. 228) and *Hendrickson* v. *City of New York* (160 N. Y. 144) and down to *Niemel* v. *Niagara County Bd. of Supervisors* (27 A D 2d 648) courts have uniformly held efforts to bind future legislative boards to be illegal and *ultra vires.* There was no power in the board to contract beyond its own term, unless specifically authorized to do so, and no such power is necessary in the situation before us. Where there is a reasonable doubt as to the existence of such a power, it must be denied (*Matter of City of New York* [*Piers Old Nos. 8–11*], 228 N. Y. 140, 152). The resettled order dated November 28, 1966 is modified by striking out the first ORDERED paragraph and substituting in its place the following " ORDERED, that plaintiff's cross motion for partial summary judgment is granted to the extent of the matter set forh in paragraph (i) of plainiff's notice of cross motion dated June 3, 1966 ". Special Term's resettled order and further order granting defendants' motion for summary judgment in its entirety and dismissing plaintiff's complaint are in all respects other than this modification affirmed, together with the order entered September 1, 1966. (Appeal from order, resettled order and further order of Oneida Special Term granting defendants' motions for summary judgment, dismissing complaint and denying plaintiff's motion for partial summary judgment.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.