FRANCIS X. MURPHY et al., Appellants, *v.* ERIE COUNTY et al., Respondents.

Fourth Department, May 14, 1970.

*Francis X. Murphy,* appellant in person, and for *Peter B. Carr,* appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Victor T. Fuzak* of counsel), for Kenford Company, Inc., and another, respondents.

*Robert E. Casey, Jr., County Attorney (William Straub* of counsel), for Erie County and others, respondents.

GABRIELLI, J.   In this taxpayers' action, Special Term has dismissed plaintiffs' amended complaint for failure to state a cause of action and on the further ground that a judgment based on a determination made by Mr. Justice MOORE in another tax-payer's action against the same defendants was *res judicata* and consequently a bar to the instant action.   The facts and circumstances surrounding this case are similar to those in *Hurd* v. *Erie County* [34 A D 2d 289, decided herewith] which is the action held by the court below to be a bar to the present litigation.

The complaint in *Hurd* sought rescission of a resolution of June 18, 1969 wherein the Erie County Legislature authorized the execution of a contract between the county, Kenford Company, Inc. (Kenford) and The Dome Stadium, Inc. (Dome), as well as the contract executed pursuant to the resolution.   The present action, on the other hand, attacks several other aspects

of the whole transaction and seeks to have the county enjoined from spending any public moneys on the stadium project or raising any funds for the project by the use of bonds. In addition, the complaint seeks to restrict management of the stadium to county employees and specifically asks that the county be enjoined from entering into a proposed management contract with Dome.

Insofar as both actions are taxpayers' actions, the *Hurd* judgment would be a bar as to those matters actually decided therein (18 McQuillin, Municipal Corporations [3d ed.], § 52.50), but not as to matters not claimed, presented or decided therein. (*People's Gas & Elec. Co.* v. *City of Oswego,* 207 App. Div. 134, affd. 238 N. Y. 606; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5011.27, 5011.28.) Here there are several other matters raised and different causes of action alleged which were neither present nor urged in *Hurd,* thus requiring us to examine the merits of these other claims.

As noted in *Hurd,* the Legislature enacted chapter 252 of the Laws of 1968 which authorized the county to finance and construct a domed stadium similar to the Houston Astrodome. Thereafter the county adopted a resolution authorizing the execution of a contract whereby it would construct the stadium and enter into negotiations with Kenford for a 40-year lease; and if the parties were unable to agree on the terms of the lease, the county would enter into a 20-year management contract with Dome.

In support of the relief sought, the complaint lists 12 causes of action (identified as "counts"). Several of the allegations question whether the whole project is a proper county purpose or whether the means of implementing the project constitute a waste of public moneys or property. Thus it is alleged that the construction of the stadium and the lease to Kenford, or in the alternative, the management contract with Dome representing a joint venture with a private corporation, are not proper county purposes. The complaint cites as examples of waste (1) the management contract itself, claiming it is an unlawful delegation to a private person or corporation of the power to manage public property; (2) the provision in the contract crediting taxes collected against total payments due the county as an alleged surrender of the power of taxation; (3) providing office, storage and parking space to Kenford without charge; (4) the fact that the contract is not in accordance with the resolution passed by the County Legislature; (5) the contract appoints Dome sole agent to negotiate contracts for specified percentages of items of revenue; and (6) that it will be impos-

sible for the stadium to be self-supporting or self-liquidating.

Our consideration of the questions raised must be limited to whether there is a total lack of power on the part of the county to do the acts charged since we do not sit in judgment on questions of legislative policy. The principles involved in this phase of the matter before us are succinctly stated in *Gaynor* v. *Rockefeller* (15 N Y 2d 120, 133–134) wherein the court stated that "redress may be had in * * * a taxpayer's action ' only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes.' (*Kaskel* v. *Impellitteri*, 306 N. Y. 73, 79; see, also, *Stahl Soap Corp.* v. *City of New York*, 5 N Y 2d 200, 204; *Western N. Y. Water Co.* v. *City of Buffalo*, 242 N. Y. 202, 206; *Altschul* v. *Ludwig*, 216 N. Y. 459, 467.) ''

At this stage, of course, the pleadings are to be liberally construed and the complaint must stand if any valid cause of action is stated (*Foley* v. *D'Agostino*, 21 A D 2d 60; see, also, *Carner* v. *City of Buffalo*, 33 A D 2d 1098). An examination of the amended complaint, however, reveals that plaintiffs have failed to state any cause of action which would require a denial of the motion to dismiss.

The preamble of the enabling act states that it relates to " the construction and financing of a stadium by the county of Erie and authorizing, in aid of such financing, the leasing of such stadium ''. The act further authorizes the county to " enter into contracts, leases, or rental agreements with, or grant licenses, permits concessions, or other authorizations, to any person or persons, upon such terms and conditions, for such consideration * * * whereby * * * such person or persons are granted the right, to use, occupy, or carry on activities ''. It is apparent that the county was granted broad powers to undertake the venture and enter into lease or management agreements such as are attacked here.

Appellants argue that the present County Legislature has acted improperly in that the lease or contract agreements will bind future Legislatures. For the county to exercise such authority, there must be (and there is) clearly expressed legislative intent to grant this power (*Edsall* v. *Wheler*, 29 A D 2d 622; 40 N. Y. Jur., Municipal Corporations, § 809). In stating that the county may enter into contracts " for such term of duration as may be agreed upon by the county and such person or persons '' the Legislature has given such power to the county.

The enabling act specifically states that the construction is a

purpose for which the county may contract indebtedness. As such, it is stated to be a public purpose, and we are required to accord great weight to this statement in our determination of whether it is in fact a public use or purpose (15 McQuillin, Municipal Corporations [3d ed.], § 43.29). The fact that benefits will flow to a private concern, as here, does not change this status (*Denihan Enterprises* v. *O'Dwyer*, 302 N. Y. 451; *Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110). In determining whether this project is a public use the tax exemption cases are to be distinguished since the considerations involved in acquisition may be different from the considerations which would exempt the property from tax (cf. *Town of Harrison* v. *County of Westchester*, 13 N Y 2d 258). Since we hold that the construction of the stadium is a public purpose, it is clear that municipal indebtedness may be incurred.

We are also constrained to reject appellants' argument, made along similar lines, that the project is an illegal joint venture between the county and a private corporation. The resolution does not authorize an undertaking between the county and Kenford for the purpose of carrying on a business with a sharing of profits and losses. Rather, the county, in the exercise of its governmental function, is to construct a stadium and lease it to Kenford for a total payment necessary to cover the costs of construction or, failing that, to hire experienced managers to promote the stadium so that the costs can be recovered.

The proposed agreement with Kenford contains certain basic terms including the terms that bind Kenford to pay the sum of $63.75 million to the county over a 40-year period, against which will be credited certain tax payments to be made by Kenford. Appellants argue that this is an illegal gift or loan and that the county has surrendered its power of taxation. (Cf. N. Y. Const., art. VIII, § 1; art. XVI, § 1.) They attempt to convert what they characterize as a bad bargain, into a gift. We do not agree with this contention and find the proposed contract analogous to the situation presented in *Admiral Realty Co.* v. *City of New York* (206 N. Y. 110, *supra*), where a long-term lease of public facilities and contracts for their operation was held not to be a gift. Before we can hold that a municipality has surrendered the power of taxation it must first be established that someone other than the municipality has the power to determine the disposition of tax moneys (*Matter of Roosevelt Raceway* v. *Monaghan*, 9 N Y 2d 293, app. dsmd. 368 U. S. 12). Under the proposed lease, however, the limit is set not upon the taxes to be paid but upon the rental payments to be made. Although

a substantial tax payment to the county may correspondingly lower rental payments, the county has in no way surrendered its power of taxation.

Appellants have alleged fraud on the part of Kenford in falsely representing to the county that the stadium would be self-supporting and that the county acted in reliance on these statements. The amended complaint does not allege, however, any specific falsehood nor does it allege an intent to deceive. The bare allegation of reliance by the county becomes inconceivable in light of the extended consideration by the Legislature and wide coverage of the issue by the media.

Appellants make several other arguments with respect to terms of the contract which are allegedly at variance with the resolution. It should be noted, however, that the resolution provided for only the basic or minimal terms to be included in the contract and by implication left other terms for negotiation by the County Executive. The terms of the contract involving the method of payment to the county for services rendered and the alleged free facilities provided for Kenford are merely items which could be and are properly provided for in any negotiations. The fact that the county may have excluded itself from operating the stadium and given this use to a private corporation, and the fact that there is no capitalization requirement for Dome, as opposed to Kenford, are matters of legislative discretion which we may not disturb.

The judgment and order insofar as appealed from should be affirmed, without costs.

GOLDMAN, P. J., WITMER, BASTOW and HENRY, JJ., concur.

Judgment and order insofar as appealed from unanimously affirmed, without costs.