In the Matter of HARRISON CENTRAL SCHOOL DISTRICT, Respondent, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, December 8, 1977

## APPEARANCES OF COUNSEL

*Robert D. Stone (Frederick W. Burgess* of counsel), for Ewald B. Nyquist, as Commissioner of Education of the State of New York, appellant.

*Joseph A. Vassallo,* appellant *pro se.*

*Anderson, Russell, Kill & Olick, P. C. (Authur C. Olick* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

Appellant, Joseph A. Vassallo, served as an attorney for the petitioner, Harrison Central School District, from 1966 until July 16, 1974, when the Board of Education of the petitioner school district voted to discharge him and replace him with another attorney. At the time of his discharge appellant was employed under a three-year contract, entered into with petitioner on July 3, 1973, whereby he was to provide specified legal services to the school district. By determination dated January 16, 1975 (14 Ed Dept Rep 256) the Acting Commissioner of Education ruled that petitioner had no basis for voiding the contract and ordered compliance with its terms. Special Term thereupon annulled the Acting Commissioner's

determination and ruled that petitioner had no further obligation to appellant Vassallo under the contract.

■ Although we disagree with Special Term's conclusion that appellant was a public officer who served at the pleasure of the appointing authority under section 2 of article XIII of the New York State Constitution, we conclude that the Board of Education exceeded its authority in granting appellant a multiyear contract. Accordingly, we find that the Acting Commissioner erred in deciding the question of law presented (*Matter of Duncan v Nyquist,* 43 AD2d 630) and that the judgment of Special Term must be affirmed.

■ We see no reason to depart from the general rule in this State that the board of a municipal corporation cannot bind its successor to an employment contract for professional services which extend beyond its term of office (*Edsall v Wheler,* 29 AD2d 622; *Abrams v Horton,* 18 App Div 208; 40 NY Jur, Municipal Corporations, § 809). While school boards and districts are not necessarily identifiable with municipal corporations, this same principle has been applied to a school board which, as in the instant case, attempted to bind an incoming board to its choice of an attorney. The Appellate Division, Second Department, spoke unequivocally in condemning the outgoing board's attempt to bind the incoming board: "On its face it was an attempt to impinge upon the exercise of the functions of the incoming members of the board * * * and so was void" (*Ferkin v Board of Educ. of Town of Hempstead,* 253 App Div 751, revd on other grounds 278 NY 263). In reversing on other grounds, the Court of Appeals in *Ferkin* assumed, without deciding, that the contract which purported to bind the incoming board was illegal (p 267).

■ We find no apparent rationale for departing from the rule in *Ferkin.* The confidential and personal nature of the functions performed by a school board attorney argues against allowing a school board to bind its successor. In this case the school board in power on July 3, 1973 sought to bind school boards for a three-year period, despite the fact that the membership of the board changed significantly on July 1 of each year. To allow enforcement of the appellant's contract under such circumstances would violate the general rule that a board does not have the power to enter into employment contracts for professional services which bind successor boards.

In so deciding this case, we limit our holding to the facts at hand.

The judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, MAHONEY and HERLIHY, JJ., concur.

Judgment affirmed, without costs.