OPINION OF THE COURT
Gabrielli, J.
The issue in this case is whether Local Law No. 1 of 1978 as passed by the Monroe County Legislature curtails any power of elective county officials thereby violating the provisions of the State Constitution and the Municipal Home Rule Law in that it fails to make provision for a permissive referendum.
Monroe County operates under a county manager form of government. The county charter, as enacted by the people, provides that the manager will be appointed for a four-year term and can be removed only for cause. In passing Local Law No. 1, however, the county legislature sought to amend the charter by striking the provision for a four-year term of office and by establishing instead, that the manager will serve at the pleasure of the county legislature. The law also deleted the charter provision which declared that the county manager could be removed from office only for cause, and further authorized removal by a majority vote of the county legislature "for any reason deemed by the County Legislature to be sufficient.” This law, as recently adopted by the county legislature, provided that it would take effect upon filing in the office of the New York Secretary of State without provision for a permissive referendum.
Plaintiffs Morin, as County Manager and Director of Finance of the County of Monroe, and Polvino, a taxpayer, brought these actions against the county legislature and the clerk of that body for a declaration that Local Law No. 1 is invalid and unconstitutional and seeking also an injunction to prevent the filing or enforcement of the law. A preliminary injunction was issued.
The State Constitution (art IX, § 1, subd [h], par [2]), the Municipal Home Rule Law (§ 34, subd 4) and the Monroe County charter (§ 1405; Local Laws, 1965, No. 2 of County of Monroe) declare that an amendment of the county charter which abolishes or curtails "any power of an elective county officer” must provide for a permissive referendum. The plaintiffs urge that Local Law No. 1 curtails the power of the *291 county legislators by extinguishing their right to appoint a county manager to a four-year term of office and thereby bind subsequent legislatures. In support thereof, the plaintiffs say that ordinarily in matters involving governmental functions, a county legislature may not enter into a binding commitment which extends beyond the elected term of office of the legislature, in this case two years, because such a commitment would infringe upon the prerogatives of subsequent legislators to make a judgment in the same matter. Where, however, the charter specifically grants the authority, one legislature may be empowered to bind its successors. The plaintiffs argue that the charter, by providing a four-year term of office for the county manager, gave the county legislature and each individual legislator the unique power to bind a subsequent legislature, and Local Law No. 1 attempts to abolish or curtail that power without providing for a permissive referendum as constitutionally and statutorily required. Special Term sustained the plaintiffs’ contentions and declared Local Law No. 1 invalid. The court reasoned that although the law enhanced the power of the legislature in one respect by providing that the manager would serve at its pleasure, the converse of this broadened authority was to curtail that body’s and each legislator’s power to bind subsequent legislatures. The court concluded that by so curtailing a power of the county legislature without providing an opportunity for permissive referendum the law contravened section 34 of the Municipal Home Rule Law* and was, therefore, invalid. The Appellate Division, by a divided court, affirmed.
The county legislators appeal urging that the law enhances rather than curtails their power by permitting removal at their pleasure and that since the legislature has the power to fix the term of office of any county employee, the exercise of that power cannot be deemed a curtailment of any related power. Finally, appellants contend that in any event, one legislature cannot bind subsequent legislatures by contracting beyond its term and thus the four-year term is void ab initio. For the various reasons discussed below, we reject these arguments and affirm the orders of the Appellate Division.
Commencing in the year 1936 the people of the County of Monroe adopted at a general election a county manager form *292 of government based on the provisions of article 2-A of the County Law. From 1936 to 1967 the county operated under this form of government within the terms of the Optional County Government Law. That form of government was to be affected, as were others, by the adoption of article IX of the New York State Constitution in 1963 which declared a bill of rights for local governments authorizing the establishment of alternate forms of county government. Under the implementing legislation that followed (Municipal Home Rule Law, art 4; the County Charter Law) a county was empowered to adopt its own county charter as long as it was consistent with the flexible terms of that law. Among other provisions, the County Charter Law required approval by a majority of the voters of the county before a new charter form of government could become effective (Municipal Home Rule Law, § 33, subd 7).
In 1964 the Monroe County Board of Supervisors approved two separate, proposed county charters, each continuing the position of county manager as the chief executive officer of the county. Interestingly, each provided that the manager would serve at the pleasure of the legislature, but both proposals were defeated at the general election. Thereafter, and in contrast, the board of supervisors by Local Law No. 2 of 1965 adopted a county charter with the county manager serving a four-year term subject to removal only for cause. Pursuant to statutory mandate (Municipal Home Rule Law, § 33, subd 7), this charter was approved by the people, effective in 1967 and is presently controlling. Crucial to this charter and the form of government adopted by Monroe County was the distinction between the legislative branch and the executive branch. Although the county legislature appointed the manager, once appointed he stood distinct and separate from the legislature with a four-year term subject to removal only for cause. Thus, the manager held a secure position with a fair degree of independence. The relationship between the manager and the legislature, an intrinsic part of this form of government, was established by the orginial charter as approved by the people.
In 1978, however, the county legislature attempted to alter this relationship through the exercise of its power to amend the charter. Thus, the legislature enacted Local Law No. 1 of 1978 which abolished the manager’s four-year term of office and created the right to remove him at the pleasure of the legislature regardless of cause. Even if it could be considered that such a move was within the legislature’s power, this law *293 would drastically alter Monroe County’s government without consideration by the voters whose approval was necessary for its creation.
The power of the county legislature to amend the charter is not unlimited. Our State Constitution provides that any amendment which abolishes or curtails "any power of an elective county officer” shall be subject to a permissive referendum (NY Const, art IX, § 1, subd [h], par [2]; see, also, Municipal Home Rule Law, § 34; Monroe County Charter, § 1405). A local law which curtails any power of an elected county legislature is inoperative unless subject to a permissive referendum (see Matter of McCabe v Voorhis, 243 NY 401). Thus the crucial question here is whether Local Law No. 1 curtails "any power” of an elective county officer.
 Unless specifically provided by statute or charter provisions, one county legislature may not bind the hands of its successors in areas relating to governmental matters (see Murphy v Erie County, 34 AD2d 295, 298, affd 28 NY2d 80; Edsall v Wheler, 29 AD2d 622, 623; 10 McQuillin, Municipal Corporations, § 29.101; 40 NY Jur, Municipal Corporations, § 809). Elected officials must exercise legislative and governmental powers, within their own sound discretion, as the needs require. Ordinarily they may not so exercise their powers as to limit the same discretionary right of their successors to exercise that power and must transmit that power to their successors unimpaired (Edsall v Wheler, 29 AD2d 622, 623, supra). In the instant case the county legislators are elected for a two-year term and absent a statutory or charter provision (here present of course) they may not bind their successors in matters relating to governmental or legislative functions beyond that term. We need not define all the types of activity covered by the broad rubric "governmental activity” as applicable in the context of this rule, although there can be no doubt that business matters are not affected (10 McQuillin, Municipal Corporations, § 29.101), for in this case it is obvious that the appointment of a county manager is precisely and unmistakably a governmental matter within the rule’s purview and the Monroe County legislators would be limited by it but for the fact that the county charter specifically provides for appointment of the manager to a four-year term. By authorizing appointment to a four-year term the charter empowers the legislature to bind its successors and this power must be considered unique. The abolition of the *294 manager’s four-year term in Local law No. 1 now before us serves to curtail this power. As such, the absence of a provision providing for permissive referendum renders the law constitutionally deficient and therefore void. Indeed, as a policy matter in view of the fact that the people of the county chose their form of government, it is certainly appropriate that they have an opportunity to speak on a major and substantive alteration of that form of government.
It is true, as appellants urge, that the county legislature has a general power to adopt local laws, not inconsistent with the Constitution, relating to the terms of office of its officers and employees (NY Const, art IX, § 2, subd [c]). In the present case, however, the county charter consistent with this provision established a set four-year term thereby permitting one legislature to bind its successor. Since the local law under attack by plaintiffs attempted to curtail this power it must be subject to permissive referendum as constitutionally mandated.
Appellants urge that we should view Local Law No. 1 as a whole and because it makes possible the removal of the manager at will, it generally enhances the power of the legislators. In essence the appellants ask us to balance the various facets of the law, weighing the provisions enhancing its power with those which curtail it, and in so doing they urge us to conclude that the amendment as a whole expands the legislature’s power. By looking generally to the "collective powers” of the county legislature as an institution, the dissenters would have us adopt this balancing approach. We may not, however, avail ourselves of such an analysis. The Constitution requires that a permissive referendum be held where the law curtails "any power” of an elective official (art IX, § 1, subd [h], par [2]). We are not free to balance the various aspects of a law but must only determine whether any power has been curtailed. Any claimed enhancement of some legislative powers does not negate the curtailment of others. We must reject, therefore, the appellants’ balancing approach and enforce the constitutional requirements. Judge Fuchsberg, in dissent, relies heavily on Matter of Fogarty v Warden (191 Misc 916, affd 273 App Div 910, affd 297 NY 963), a case in which the court held Newburgh Local law No. 1 of 1941 inoperative because it curtailed the power of elective city officers. Prior to 1941 the Newburgh City Charter provided for the appointment by the city council of a city manager "during *295 the pleasure of the council”, but Newburgh Local Law No. 1 altered that power by requiring removal only after a public hearing. In Fogarty the court looked to the effect the local law had on the power that existed in the city charter. Likewise, in the present case we must look to the effect that the local law has on the power of appointment to determine whether there has been any curtailment. As demonstrated above, Local Law No. 1 of 1978 curtails the power of the elective officials of Monroe County to bind future legislators and is therefore invalid. The emphasis should not be placed on whether we believe one type of power of appointment is generally broader than another but whether an amendment to the existing power of appointment curtails any power inherent in the original appointment procedure. As in Fogarty, the court must determine whether the local law curtails any power and, in finding that it does, the law must be held invalid.
Because Local Law No. 1 curtails the power of the county legislature to bind its successor while failing to provide for a permissive referendum, it is unconstitutional and void.
Accordingly, the orders of the Appellate Division should be affirmed, with costs.

 Section 34 (subd 4) of the Municipal Home Rule Law provides that local law must be subject to a permissive referendum when it "curtails * * * any power of any elective county officer”.