■ Thomas W. Quigley, Appellant, v City of Oswego, Respondent.— Order unanimously affirmed, without costs. Memorandum: This appeal is from an order setting aside a jury verdict in favor of plaintiff as against the weight of the evidence and contrary to law. In October, 1967, the city planning board approved a resolution for a change in zoning from R3 to R4 which would permit plaintiff, a real estate developer, to construct multiple dwellings conditioned upon acquisition of additional adjoining lots. The common council formally adopted an ordinance without conditions effecting the rezoning of property from R3 to R4. Plaintiff acquired the additional property in fulfillment of the condition. In July, 1973 the common council enacted a comprehensive zoning ordinance which reclassified the subject lots from R4 to R3, prohibiting construction of multiple dwellings thereon without a permit. Plaintiff's application in February, 1974 for a building permit was denied and the city declined to recognize its prior approval unless plaintiff agreed to provide additional parking facilities. Plaintiff instituted this action against the city for money damages, alleging a breach of contract for wrongful change of zoning affecting building lots after approval. The court, in a bifurcated trial, presented the contract issue to the jury which found that a contractual relationship existed between the city and the plaintiff. On motion by the city, the court set aside the verdict; the issue of damages was not presented. Pleadings are to be liberally construed and the complaint must stand if any valid cause of action is stated *(Foley v D'Agostino,* 21 AD2d 60). An examination of the complaint herein reveals that plaintiff failed to state any cause of action which would require a denial of the motion to dismiss. It was not untimely or error for the court to entertain the motion to dismiss. Such a motion can be made at any time (CPLR 3211, subd [e]; *Higby Enterprises v City of Utica,* 54 Misc 2d 405, affd 30 AD2d 1052). Zoning as a legislative act is entitled to the presumption of validity *(Wiggins v Town of Somers,* 4 NY2d 215). Unless specifically provided by statute or charter provisions, the city council cannot contract away or in any manner limit or impair the discretionary authority of future councils in an area relating to governmental or legislative functions *(Morin v Foster,* 45 NY2d 287; *Murphy v Erie County,* 34 AD2d 295, affd 28 NY2d 80). Any such agreement would be invalid *(Edsall v Wheler,* 29 AD2d 622; 40 NY Jur, Municipal Corporations, § 809). It is apparent from the record that there is no evidence that the city intended to do any more than exercise its governmental or legislative function. While plaintiff may have other remedies or procedures available to assist in the development of this property, his failure to act at a time when the zoning ordinances permitted construction does not give rise to a cause of action for money damages against the City of Oswego. (Appeal from order of Oswego Supreme Court— set aside jury verdict.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.