James J. Johnston, Esq. Town Attorney, Mamaroneck
You inquire whether a local law establishing the position of town administrator and conferring upon the holder of the office responsibility for daily town operations under the supervision of the town board, is subject to the referendum requirements of the Municipal Home Rule Law. In the alternative, you ask whether a local law would be subject to referendum requirements if it authorizes the administrator to exercise his duties independently of the town board.
The position of administrator or manager may be established by local law (Municipal Home Rule Law, § 10 [1] [i] or [ii] [a] [1]). This may be done notwithstanding general provisions of the Town Law because towns have been granted the power to supersede the Town Law when enacting local laws within their grant of home-rule power (Municipal Home Rule Law, § 10 [1] [ii] [d] [3]). There is also authority to establish the position of manager under Article 3-B of the Town Law.
A local law is subject to mandatory referendum if it abolishes, transfers or curtails a power of an elective officer (Municipal Home Rule Law, § 23 [2] [f]). The abolition, transfer or curtailment of a power of an elective board is subject to this referendum requirement (McCabe vVooris, 243 N.Y. 401 [1926]; see also Fogarty v Warden, 191 Misc. 916
[Sup Ct, Orange Co., 1948], affd 273 App. Div. 910 [2d Dept, 1948], affd297 N.Y. 963 [1948]). Thus, the question you ask is narrowed to whether a local law establishing the position of town administrator or manager with the responsibilities you suggest would transfer a power of the town board within the meaning of section 23 (2) (f). We believe that it matters little whether the officer is called administrator or manager. The powers of the office under the local law are the determining factor.
The town board is the legislative and administrative arm of town government. Unlike cities, villages and charter counties that have independent executive branches, town boards have traditionally performed both legislative and many administrative functions. (See State of New York Department of State, Local Government Handbook [2nd Edition, 1976] pp 123-4.) Any transfer by local law of administrative functions to a town administrator or manager would be a transfer of a power of an elected officer subject to mandatory referendum under section 23 (2) (f).
The referendum requirement of section 23 (2) (f) preserves the franchise of voters to elect candidates to public office. In casting their ballot, voters are able to choose the candidate they prefer to exercise the powers of a particular office. If through local legislative action, the powers of an elected officer could be abolished, transferred, or curtailed without restriction, the elective franchise of those who voted in the election for the office would be rendered meaningless (Morin v Foster,45 N.Y.2d 287, 292-293 [1978]). It is the mandatory referendum requirement of section 23 (2) (f) which preserves the sanctity of the right to vote, by mandating a referendum for a proposed local law which would abolish, transfer or curtail a power of an elective officer. The terms of a local law establishing the position of administrator or manager must be scrutinized in this context to determine whether a referendum is required.
In setting criteria for determining when a local law is subject to mandatory referendum, it is helpful to examine other provisions of law establishing administrative officers. A county by local law may assign specific administrative functions, powers and duties to the chairman of the board of supervisors to be performed on behalf of the board and with provision for periodic reports to the board. The local law must not divest the board of such functions, powers and duties (Municipal Home Rule Law, § 10 [1] [ii] [b] [3]). It appears that this provision was drafted to authorize assignment of administrative functions short of a transfer of powers requiring a referendum under section 23 (2) (f). A similar assignment of administrative functions, powers and duties to an administrative assistant to the chairman of the board of supervisors is authorized by Municipal Home Rule Law, § 10 (1) (ii) (b) (4).
If a local law permits the town administrator or manager to act only with the approval of the town board, there is no transfer of powers. The town board could approve or disapprove any action proposed by the administrator, thus retaining ultimate decision-making authority. Such a local law would not be subject to mandatory referendum under Municipal Home Rule Law, § 23 (2) (f).
Another possibility is a local law which assigns or delegates but does not transfer administrative powers to a town administrator or manager. The local law could be enacted under section 10 of the Municipal Home Rule Law or under Article 3-B of the Town Law. To have the characteristics of a delegation rather than a transfer, the local law should provide for the officer to perform assigned duties on behalf of the town board and to be subject to its supervision and control. The local law might provide that the town board by resolution could assign, modify or revoke administrative powers from time to time and might require the officer to report periodically to the board. If the local law delegates but does not transfer powers of an elective officer, no referendum is required.
If a local law confers upon the town administrator or manager sufficient powers to establish an independent executive branch of government, this would be a transfer of powers requiring a referendum under section 23 (2) (f). A local law transferring the administrative powers of the town board is a transfer of the powers of an elective officer.
We conclude that a local law establishing the position of town administrator or manager as the head of an independent executive branch of town government is subject to mandatory referendum. If the local law establishes the position but provides that the administrator or manager is subject to the town board's supervision and control, no referendum is required.