Meyer, J.
(dissenting). Subdivision 2 of section 23 of the Municipal Home Rule Law requires that “a local law shall be subject to mandatory referendum if it * * * f. Abolishes, transfers or curtails any power of an elective officer.” Section 2002 of the Erie County Charter likewise provides that, “Any local law which would * * * change the powers of an elective County officer * * * shall be subject to mandatory referendum.” There is no question that the Comptroller of Erie County is an elective officer and that subdivision e of section 3.09 of the Erie County Administrative Code, which proscribes the filling of a vacant position in the Comptroller’s office for which there exists an appropriation “until the county executive has certified in writing to the county legislature the necessity for filling the same” *786 has never been submitted to a referendum. Under both the commonly accepted meaning of the English language and prior holdings of this court, the latter provision “curtails” and, to the extent that it curtails, “changes” the Comptroller’s powers and is, therefore, invalid until approved by the voters. I, therefore, dissent.
Webster’s Third New International Dictionary defines “change” as “to make different in somé particular but short of conversion into something else: alter; modify” and “curtail” as “to diminish * * * abridge, reduce.” The Appellate Division decision on which the majority relies states that “there is no direct interference with the right of the comptroller to appoint persons to positions in her office” (91 AD2d, at p 210) and that the Comptroller’s power to appoint persons to positions approved for her office does “not, by implication, include any guarantee that the positions will remain filled throughout the fiscal year” (91 AD2d, at p 211), but never meets, except by a conclu-sory statement, the question whether there is a change or curtailment of the Comptroller’s powers.
That there is appears self-evident from the above definitions for the power to appoint persons to positions for which funds have been budgeted is different, is altered, is modified, is diminished, abridged and reduced, when it is subjected to the County Executive’s prior certification that the filling of the position is necessary. The fact that the County Executive has only the power to certify the need and the Comptroller retains the power to appoint does not establish that the latter’s power to appoint is not curtailed by subjecting it to the former’s power to certify. Indeed, Matter of Blyn v Bartlett (39 NY2d 349) clearly so recognized when it called attention to the fact that “[t]his is not a case, however, where the legislative body acting unilaterally has attempted to nullify court positions or programs by refusing to fund them” (39 NY2d, at p 358). There is no difference between refusing to fund and refusing to permit appropriated funds to be expended for the purpose for which appropriated. Nor is it relevant that the County Executive is given that power only as to a vacancy and not as to an original appointment, and that subdivision e of section 3.09 may apply “only for the duration of a given *787 fiscal year,” as the Appellate Division held (91 AD2d, at p 211). It makes no difference whether the change or curtailment is short-lived or permanent, if it constitutes a change or curtailment and has not been approved by the voters.
That it does is the teaching of both Morin v Foster (45 NY2d 287) and Matter of Fogarty v Warden (297 NY 963, affg without opn 273 App Div 910, affg without opn 191 Misc 916). Although those cases concerned the permissive referendum requirements of subdivision 4 of section 34 of the Municipal Home Rule Law, the operative language (“abolishes, curtails or transfers * * * any power of an elective county officer”) is, except for the order in which the words appear, identical. In Morin the County Charter provided for appointment of a county manager to a four-year term and thus empowered the legislature to bind its successors. We held that a local law which abolished the four-year term and made the manager subject to removal at the pleasure of the legislature and regardless of cause curtailed the power of the legislature to bind its successor and was, therefore, invalid absent a provision for permissive referendum, notwithstanding that the power to remove the manager at will could be viewed as enhancing the power of the legislators. Fogarty presented the reverse situation of a city manager who, under the Newburgh City Charter, held office “during the pleasure of the council” and a local law making the manager removable only after hearing and for cause. We affirmed the holding of Special Term that the latter provision, which limited the council’s power of removal, curtailed its powers. Those holdings, though distinguishable on their facts, establish that any change, even one arguably an enhancement, and any diminishment, of the powers of the Comptroller must be submitted to referendum. To suggest that section 3.09 does not constitute a change or curtailment because the power still exists (even though it cannot be exercised, despite the availability of funds, without the certification of the County Executive) is to render meaningless the referendum requirement of section 23 (subd 2, par f) of the Municipal Home Rule Law.
While the foregoing is a sufficient basis for reversal, it bears noting that respondents’ argument that both the *788 Charter and the Administrative Code are local laws requires no different conclusion. Matter of Henry v Noto (50 NY2d 816, 818), it is true, recognized that “power properly may be limited by legislative action of equal or greater dignity than that sought to be altered,” but the Charter and the Code, though both local laws, are not of equal dignity. The Charter is the higher law, having been approved by referendum on November 3,1959. The Code has never been submitted to the voters.
Chief Judge Cooke and Judges Jones, Wachtler, Si-mons and Kaye concur; Judge Meyer dissents and votes to modify in accordance with his dissenting opinion in which Judge Jasen concurs.
Order modified, without costs, to declare valid subdivision e of section 3.09 of the Erie County Administrative Code and, as so modified, affirmed in a memorandum.