Robert M. Subik, Esq. City Attorney, Johnstown
You have informed us that under the current city charter the common council has responsibility for the establishment of sewer charges. Your question is whether a local law providing for the annual determination of sewer charges by a sewer board, rather than the council, abolishes, transfers or curtails a power of an elective officer, and therefore is subject to mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law.
As I informed you in a telephone conversation, as a matter of policy we do not construe local enactments, as this task is more appropriate for local officials familiar with local conditions and legislative history. We will, however, provide general guidelines that you can apply when you review your proposed local law.
The mandatory referendum requirement is applicable to the abolition, transfer or curtailment of a power of an elective board (McCabe v.Voorhis, 243 N.Y. 401 [1926]). The referendum requirement preserves the franchise of voters to elect candidates to public office (1981 Op Atty Gen [Inf] 101). In casting their ballot, voters are able to choose the candidate they prefer to exercise the power of a particular office(ibid.). If through local legislative action the powers of an elective officer could be abolished, transferred or curtailed without restriction, the elective franchise would be rendered meaningless (Morinv Foster, 45 N.Y.2d 287, 292-293 [1978]). The mandatory referendum requirement preserves the meaning of the elective franchise by mandating a referendum on a proposed local law abolishing, transferring or curtailing a power of an elective officer or board.
The establishment of methodology for the determination of sewer charges is a legislative act to be performed by the city council subject to any applicable State regulations and the requirements of the Constitution. By contrast, in our view the application of the methodology in the actual determination of sewer charges is an administrative or ministerial responsibility, which the legislative body clearly has the authority to delegate. Obviously, local legislative bodies, often composed of part-time officers, cannot perform every municipal function and duty. By necessity, many ministerial and administrative tasks must be delegated. In our view, it was not the Legislature's intent to subject such a delegation to mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law. To decide otherwise, might mean that any transfer of administrative powers, no matter how menial, would be subject to referendum. This could result in the paralysis of government and would not serve the public interest.
Thus, it is necessary that you carefully review the provisions of the proposed local law to determine the character of the powers transferred and whether the transfer gives rise to a referendum under section23(2)(f) of the Municipal Home Rule Law.