Dennis V. Tobolski, Esq. County Attorney, Cattaraugus
I am writing in response to your letter requesting an Attorney General's opinion as to the authority of the Cattaraugus County Legislature to enter leases for office space extending beyond the term of the Legislature.
Your letter states that the county currently leases property for use as office space. The lease for one particular site commenced in March, 1983 and expires in February, 1988. This lease contains an option to renew for an additional five years, which must be exercised at least six months prior to the termination of the lease. Another lease, running from April, 1983 to April, 1988, contains a similar option, except that it must be exercised at least sixty days prior to the termination of the lease. The current county legislature took office in January, 1986 for a two-year term ending on December 31, 1987. Your first question is whether these options can be exercised by the current legislature. Your second question is whether the current legislature, in the absence of an option, can bind its successors to a lease whose term begins in 1988.
As a general rule, in the absence of specific statutory authority enabling it to do so, the governing body of a municipality may not bind the hands of its successors in areas relating to the governmental functions of the municipality (Morin v Foster, 45 N.Y.2d 287, 293
[1978]; 10 McQuillan, Municipal Corporations, § 29.101; 27 N Y Jur 2dCounties, etc., §§ 1212-1216). Under this rule it has been held that a municipal governing body cannot bind its successor to an employment contract for professional services which extends beyond its term of office (Matter of Harrison Central School District v Nyquist,59 A.D.2d 434, 436 [3d Dept, 1977], mot for lv to app den 44 N.Y.2d 645
[1978]; Edsall v Wheler, 29 A.D.2d 622, 623 [4th Dept, 1967]).
In Nehrbas v Lloyd Harbor (2 N.Y.2d 190 [1957]), the Court addressed the question of whether the use of village-owned property as office space for village officials constituted a governmental function, and therefore was exempt from zoning regulations. The Court recognized that there can be difficulty distinguishing between a municipality's governmental and proprietary functions, but concluded that with regard to the use of property as office space, the use was clearly governmental. Although the question arose in a context different from the present one, Nehrbas
clearly establishes that a municipality's use of office space is a governmental function.
Unlike the village-owned property at issue in Nehrbas, the immediate case involves the county's lease of a privately-owned office. The underlying purpose in both situations, however, is the same: use of office space by the municipality to carry out its governmental function. When a municipality leases property for use as office space, it is acting in its governmental capacity and it may not bind its successors in the absence of specific statutory authority.
Section 215 of the County Law contains the authorization for the county board to lease property under these circumstances:
 "The board may also lease for county purposes real property for terms not exceeding five years with the privilege of renewal, except that in the county of Cattaraugus the board may, subject to referendum provided in section twenty-four of the municipal home rule law, lease for county purposes real property for terms not exceeding ten years with the privilege of renewal" (County Law, § 215).
Section 215 authorizes the board to enter leases for a five-year period. Because the Cattaraugus County Board has a two-year term, this section necessarily gives the board the power to bind its successors. Furthermore, section 215 includes a special provision for Cattaraugus County, allowing the board, subject to referendum on petition, to enter ten-year leases.
Under the terms of the two leases provided with your request, the option to renew must be exercised some time in advance of the termination of the lease. One lease runs from April 22, 1983 to April 21, 1988, and requires sixty days' notice to renew the option, in this case, notice by February 20, 1988. If the current board, whose term expires December 31, 1987, were to exercise the option under this lease to extend the lease from 1988 to 1993, it would be defeating the intention of section 215
of the County Law. The statute carves out a narrow exception to the general rule that the board cannot bind its successors. In exercising the five-year renewal option before it is necessary under the terms of the current lease, the board would necessarily cut off the powers of the board to be seated in January, 1988.
The other lease included with your request runs from March, 1983 to February, 1988; the five-year option must be exercised at least six months prior to the end of the lease, in this instance by the end of August, 1987. This is within the term of the current board. Because the current board will be sitting at the time the option runs out, we see no reason why they must wait until calendar year 1987 to exercise the option. Although there may be advantages to waiting until the end of the term, if the board wishes to renew earlier, they may. The six-month notice period, although it effectively usurps the power of the board to be seated in January, 1988, is not unreasonable on its face, and appears to be a bona fide term of the contract.
Furthermore, in answer to your second question, the board lacks the authority to enter a lease to commence after the term of office of the board has expired. This prospective leasing would defeat the purpose of section 215 and the general rule that a local legislative body may not bind its successor. We believe it implicit in section 215 that the board's authority to enter leases for county purposes is limited to leases whose terms commence while the board is still sitting.
With regard to the third question raised in your letter concerning the term of the town supervisor, because the question is essentially a town matter, we feel it is only appropriate for us to respond to an inquiry from the town attorney.
We conclude that statutory authority exists for a county board of legislators to enter into a five-year lease for office space which is effective and binding on its successors. The board may not, however, enter into a five-year lease whose term commences after the board has left office.