Requestor: Stephen J. Mignano, Deputy Corporation Counsel City of Peekskill City Hall Peekskill, New York 10566
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a city council may enter into an employment contract with the city manager which continues beyond the term of a majority of the members of that council. You have explained that a majority of the city council will be up for reelection prior to the expiration of the term proposed for the city manager.
As a general rule, in the absence of specific statutory authority, the governing body of a municipality may not bind its successors in areas relating to the governmental functions of the municipality (Morin vFoster, 45 N.Y.2d 287, 293 [1978]; Harrison Central School Dist. vNyquist, 59 A.D.2d 434 [3d Dept, 1977], lv den 44 N.Y.2d 645 [1978];Edsal v Wheeler, 29 A.D.2d 622 [4th Dept, 1967]).
 "Elected officials must exercise legislative and governmental powers, within their own sound discretion, as the needs require. Ordinarily they may not so exercise their powers as to limit the same discretionary right of their successors to exercise that power and must transmit that power to their successors unimpaired" (Morin v Foster, supra, p 293).
It seems clear that a contract for the employment of a city manager is a governmental function within the purview of the above-cited rule (seeMorin v Foster, supra, p 293). It follows that the city council, unless specifically authorized by statute, may not enter into a contract to employ the city manager which binds its successors. You have not indicated the existence of any statute authorizing such a contract.*
You have indicated that the members of your city council have staggered terms and that a majority of the membership of the council will be up for reelection prior to the expiration of the term of the employment contract proposed for the city manager. In our view, at the time successor legislators assume office, a "successor legislature" exists within the meaning of the above prohibition against the governing body of a municipality bonding its successors as to governmental functions (seeHarrison Central, supra, p 436).
We conclude that a contract to employ a city manager may not bind a subsequent city council.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We note that a local government may enact a local law authorizing the local legislative body to enter into a contract binding is successors (Municipal Home Rule Law, § 10). Such a local law is subject to a mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law in that it would transfer or curtail the power of a future legislative body (see Morin v Foster, supra).