Dennis K. McDermott, Esq. Informal Opinion City Attorney No. 95-8 City of Sherrill Chase Manhattan Bank Building 112 Farrier Avenue Oneida, NY 13421
Dear Mr. McDermott:
You have asked whether Municipal Home Rule Law § 23(2)(d) requires a mandatory referendum to approve an amendment to the city charter concerning the law of succession to the office of mayor where, under the city charter, the mayor is not elected by the voters.
You have indicated that the City of Sherrill is governed by a five-member city commission. Under the city charter, following the election the five commissioners are to select from among themselves a chairperson of the commission who is also the mayor of the city. The city charter also provides that if no member of the commission receives a majority vote to be chairperson and mayor, the commission member receiving the greatest number of votes at the last election of commissioners becomes the chairperson and mayor of the city.
In 1971, the charter was amended to give commissioners staggered terms. As a result, in the event the commissioners were unable to choose (by majority vote) a chairperson and mayor, only those commissioners who were elected at the prior election would be eligible to serve as chairperson and mayor by receiving the highest vote total.
An amendment is now proposed that would create the office of vice-chair (and deputy mayor) to be filled by the commissioner having the greatest seniority. The vice-chair would serve as chairperson and mayor in the event the commissioners are unable, by a majority vote, to choose a chairperson and mayor. You have asked whether this local law amending the charter is subject to a mandatory referendum under section 23(2)(d) in that it would change the law of succession to the office of mayor. In your view, section 23(2)(d) does not require a mandatory referendum in this case because the office of mayor in the City of Sherrill is not an elective office.
Without determining whether a mandatory referendum is required under section 23(2)(d), we believe that the local law clearly is subject to mandatory referendum under other provisions. Under section 23(2)(f), any local law that abolishes, transfers or curtails any power of an elective office is subject to a mandatory referendum. The proposed amendment to the city charter would, in the event the commissioners are unable by majority vote to select a chairperson and mayor, transfer the power of the highest vote getter to serve as chairperson and mayor of the city. Instead, the vice-chair, held by the commissioner with the most longevity, would act as mayor under those circumstances. Section 23(2)(f) has been strictly construed by the courts. Morin v Foster, 45 N.Y.2d 287
(1978); 1983 Op Atty Gen (Inf) 93, 96; 1970 Op Atty Gen (Inf) 80. Any time an elective officer's powers are abolished, curtailed or transferred, notwithstanding that another board member's powers are increased, a mandatory referendum is required. The Court of Appeals has precluded a balancing approach, i.e., weighing the provisions enhancing the legislature's powers with those that curtail it to determine which predominates. Rather, the Court has held that
 [t]he Constitution requires that a permissive referendum be held where the law curtails `any power' of an elective official (art IX, § 1, subd [h], par [2]). We are not free to balance the various aspects of a law but must only determine whether any power has been curtailed. Any claimed enhancement of some legislative powers does not negate the curtailment of others. We must reject, therefore, the appellants' balancing approach and enforce the constitutional requirements.
Morin, supra, at p 294.
We conclude that a proposed amendment to the city charter that transfers powers of a member of the city commission to be chairperson and mayor is subject to a mandatory referendum.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions