(November 28, 1995)

■ DENNIS A. HERMAN, Respondent, v MARTIN A. GREEN-BERG, Appellant, et al., Defendants. (And Another Action.) [634 NYS2d 99] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 23, 1994, which dismissed defendant-appellant's counterclaim for tortious interference with contract, unanimously affirmed, with costs. Appeals from orders of the same court and Justice entered on or about May 26 and June 24, 1994, unanimously dismissed as abandoned, and taken from a nonappealable paper, respectively, without costs.

There is no merit to defendant Greenberg's contention that the IAS Court either abused its discretion or deprived him of his right to due process by, during trial, dismissing his counterclaim for tortious interference with contract. A motion to dismiss for failure to state a cause of action may be entertained at any time (CPLR 3211 [e]; *Quigley v City of Oswego*, 71 AD2d 795, *lv denied* 48 NY2d 607), and a decision thereon need not be reserved until after the proponent of the cause of action presents evidence to the jury, provided an adequate opportunity to argue in opposition to the motion is accorded (*see, Wright v Ford Motor Co.*, 111 AD2d 810). While on such a motion the facts pleaded are presumed to be true and given every favorable inference, bare legal conclusions and factual claims that either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration (*Franklin v Winard*, 199 AD2d 220). Applying that principle here, we find that the IAS Court correctly found that plaintiffs' offer of proof supplementing the pleading was insufficient, failing to establish the elements of a claim for tortious interference with contract (*see, Artwear, Inc. v Hughes*, 202 AD2d 76, 85). Despite the passage of almost a decade, defendant-appellant's claim that the third party cancelled the contract because of the improper meddling of plaintiff is supported only by unsubstantiated allegations and by assertions that are flatly contradicted by documentary evidence. We have considered defendant Greenberg's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.