Steven J. Getman Informal Opinion County Attorney No. 2005-4 Seneca County County Office Building One DiPronio Drive Waterloo, New York 13165
Dear Mr. Getman:
You have inquired whether the Seneca County Board of Supervisors may enact a local law creating for the position of county manager a term of office that is longer than that of a majority of the supervisors. We are of the opinion that the Board may not.
Background
You have informed us that Seneca County has a traditional county board of supervisors and has not adopted a charter or other alternative form of county government. The County has, by local law, created the position of county manager. Pursuant to that local law, the county manager is to be appointed by the Board of Supervisors for a four-year term. A majority of the Board of Supervisors serves two-year terms.[1]
Analysis
Common law has long recognized the principle that a governing board operating in its governmental or legislative capacity generally may not bind a successor board.[2] See, e.g., People exrel. Devery v. Coler, 173 N.Y. 103, 110 (1903) ("Nothing is better settled in our jurisprudence than that one legislature cannot bind the hands or limit the power of subsequent legislatures. . . . [I]n matters that are strictly governmental the rule is absolute." (citation omitted)). This principle has been applied to circumstances similar to those described in your inquiry. See,e.g., In re Martin v. Hennessy, 147 A.D.2d 800 (3d Dep't 1989) (board of Thruway Authority could not bind future board to appointment of executive director); In re Harrison Cent. SchoolDist. v. Nyquist, 59 A.D.2d 434 (3d Dep't 1977) (school board could not appoint attorney for term extending past board's life);see also 1962 Op. Att'y Gen. (Inf.) 279 (village board of trustees cannot appoint village attorney for term longer than life of appointing board); 1932 Op. Att'y Gen. (Inf.) 52 (county board of supervisors cannot appoint specified officers and employees for period longer than life of appointing board). The appointment of a county manager is "precisely and unmistakably a governmental matter." Morin v. Foster, 45 N.Y.2d 287, 293 (1978); see alsoPeople ex rel. Devery v. Coler, 173 N.Y. 103, 110 (1903) ("It is plain that . . . the determination of . . . the duration of [city officers'] terms is governmental in the highest degree.").
A board acting in its governmental capacity may, however, bind a future board when specifically authorized to do so by state statute or charter. See Morin v. Foster, 45 N.Y.2d at 293 (charter authorized appointment of county manager to four-year term). We are not aware of any state statute specifically granting the County Board this power with respect to the term of the county manager. We do not believe that either County Law § 400(4)(a), which authorizes the county board of supervisors to create by local law appointive offices and fix the terms of said offices, or Municipal Home Rule Law § 10(1)(ii)(a)(1), which authorizes a county to enact local legislation relating to the terms of office of its officers, is sufficiently specific to include a grant of this power.[3] Compare id. with Election Law § 3-202 (authorizing county legislative body with two-year term to determine that appointed commissioners of elections will serve four-year terms) and Village Law § 3-308 (authorizing mayor with two- or four-year term to appoint board of commissioners' members for terms of up to five years); see also 1968 Op. Att'y Gen. (Inf.) 55 (interpreting County Law § 221, which authorizes county board of supervisors to appoint and determine terms of members of park commission, and concluding that board of supervisors cannot appoint county park commissioner for term extending beyond expiration of term for which board of supervisors was elected).
Thus, the County Board of Supervisors may enact a local law granting itself the power to bind successor boards only if there is a further exception to the "term limits rule," In re Karedes v.Colella, 100 N.Y.2d 45, 50 (2003). Although not free from doubt, we believe that under current common law, the better view is that the Board may not.[4]
The rationale of the term limits rule is that "[e]lected officials must exercise legislative and governmental powers, within their own sound discretion, as the needs require. Ordinarily they may not so exercise their powers as to limit the same discretionary right of their successors to exercise that power and must transmit that power to their successors unimpaired." Morin,45 N.Y.2d at 293
(citation omitted). For many years, the only exception to this rule was upon a clear statement to the contrary by the State Legislature. See, e.g., In re Reese v. Lombard, 47 A.D.2d 327, 331
(4th Dep't 1975) (Taylor Law); Murphy v. Erie Co., 34 A.D.2d 295,298 (4th Dep't 1970), aff'd, 28 N.Y.2d 80 (1971) (State Legislature clearly expressed intent to grant Erie County legislature power to bind future county legislatures with respect to construction and operation of stadium); Edsall v. Wheler,29 A.D.2d 622 (4th Dep't 1967).
In 1978, the Court of Appeals added the authority of charter law as a second basis for allowing a board to bind a future board.Morin v. Foster, 45 N.Y.2d at 293. Morin involved a local law amending a charter provision that granted the county legislature, elected for two-year terms, the "unique" power to bind its successors by appointing a county manager to a term of four years.Id. at 293. The charter granting this power was adopted by local law. Id. at 292. This seems to suggest that a local law may suffice to grant a legislative body the power to bind successor boards.
We are, however, wary of placing too much reliance on Morin as authority for the County Board of Supervisors to enact a local law creating a term longer than the tenure of a majority of the appointing supervisors. First, the Court clearly found the fact that the charter provided the authority for binding a successor board significant:
[I]n this case it is obvious that the appointment of a county manager is precisely and unmistakably a governmental matter within the [term limits] rule's purview and the Monroe County legislators would be limited by it but for the fact that the county charter specifically provides for appointment of the manager to a four-year term.
Id. at 293. The situation you describe is clearly distinguishable because Seneca County does not operate under a charter. Furthermore, the issue before the court in Morinwas not the validity of the four-year term, a point noted both in the dissenting opinion, 45 N.Y.2d at 298, and by the court below,Morin v. Foster, 61 A.D.2d 1130 (4th Dep't), aff'd, 45 N.Y.2d 287
(1978). Rather, the Court was considering whether the local law adopted to amend the charter granting the power to appoint the county manager for a four-year term curtailed the power of an elective officer and thus was subject to a mandatory referendum.45 N.Y.2d at 290. Moreover, as the briefs in that case pointed out, the charter's provision establishing a four-year term for the county manager was a provision initially adopted by the county pursuant to state law. Plaintiffs-Respondents' Brief at 32. Therefore, insofar as Morin can be read as approving the adoption of the local law authorizing the county manager's four-year term, it may be distinguishable on the grounds that the four-year term was initially specifically provided for by state law, and thus fell within a longstanding exception to the term limits rule. For these reasons, we do not believe that Morin provides conclusive authority for the proposition that the governing board of a non-charter county may adopt a local law authorizing it to bind successor boards.
Hampton Heights Dev. Corp. v. Board of Water Supply, City ofUtica, 140 A.D.2d 958 (4th Dep't 1988), also appears to suggest that a local law may authorize a governing board to bind successor boards. In this case, the court invalidated the portion of a local law granting the city mayor, who served a four-year term, the power to appoint water board members who were to serve for five-year terms. Id. The relevant portion of the local law was invalidated because it had not been submitted to a referendum as required by the Municipal Home Rule Law. Id. That the law was invalidated on these grounds suggests that a local law that had been approved by referendum would be valid. The failure to submit the local law to referendum was, however, the argument advanced by the party challenging the law, see Hampton Heights Dev. Corp. v.Board of Water Supply, City of Utica,136 Misc.2d 906,908
(N.Y.Sup.Ct. Oneida Co. 1987), and thus the court had no reason to consider the question of whether the action could even be taken by local law. We are thus reluctant to rely on this case as creating a new exception to the long-standing term limits rule.
Having no authority expressly providing otherwise, we are of the opinion that the Seneca County Board of Supervisors may not adopt a local law authorizing itself to appoint a county manager to a term of office that is longer than the tenure of a majority of members of the Board.[5] To conclude otherwise would eviscerate the term limits doctrine in any area in which the Board was authorized to legislate.
The Attorney General renders formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General In Charge of Opinions
[1] At the time the local law creating the position of county manager was enacted, all of the supervisors served two-year terms; subsequently, some towns altered their supervisors' terms to last four years.
[2] A board operating in its proprietary capacity may bind successor boards. See In re Karedes v. Colella, 100 N.Y.2d 45, 50 (2003).
[3] Section 10(1)(ii)(a)(1) provides that the local government of a county has the power to adopt and amend local laws, as long as they are not inconsistent with the provisions of the constitution or any general law, relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, and welfare and safety of its officers and employees.
[4] To the extent Op. Att'y Gen. (Inf.) No. 90-50 indicates otherwise, it is superseded. See id. n. *.
[5] We note that a local law providing a term of office for the county manager longer than the terms of a majority of the appointing board, thus binding the successor board to the appointing board's choice of officer, would have the effect of "curtail[ing a] power of an elective officer," Municipal Home Rule Law § 23(2)(f)._See Hampton Heights Dev. Corp. v. Board of WaterSupply, City of Utica, 140 A.D.2d 958 (4th Dep't 1988) (local law extending term allowed mayor to bind successor, and thus curtailed power of successor, and was invalid absent submission to public referendum); see also Op. Att'y Gen. (Inf.) No. 90-50; Op. St. Compt. 91-11. The local law would thus be subject to mandatory referendum, see Municipal Home Rule Law § 23(2)(f), and the failure to subject the law to mandatory referendum would invalidate the law, see Morin, 45 N.Y.2d at 295; Op. Att'y Gen. (Inf.) No. 96-18. The actions taken by an officer appointed under an invalid local law are considered valid under the de facto officer doctrine. See Ontario v. Western Finger Lakes Solid WasteMgmt. Authority, 167 A.D.2d 848, 849 (4th Dep't 1990).