# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 56
George Hoehmann, et al.,
     Respondents,
     v.
Town of Clarkstown et al.,
     Respondents,
Frank Borelli et al.,
   Intervenors-Appellants.
----------------

No. 57
In the Matter of Frank Borelli et al.,
     Appellants,
     v.
Town of Clarkstown et al.,
     Respondents.
-----------------

No. 58
In the Matter of Rosalind Jacobson et al.,
     Appellants,
     v.
George A. Hoehmann,
     Respondent,
et al.,
     Respondent.

Case No. 56:

Daniel S. Szalkiewicz, for appellants.
Kevin T. Conway, for respondents Town of Clarkstown et al.
Robert A. Spolzino, for respondents Hoehmann et al.

Case No. 57:

Daniel S. Szalkiewicz, for appellants.
Kevin T. Conway, for respondents Town of Clarkstown et al.

Case No. 58:

Daniel S. Szalkiewicz, for appellants.
Lawrence A. Garvey, for respondent Hoehmann.

PER CURIAM:

These three appeals involve challenges to Local Law No. 9-2014, adopted by the Town Board of the Town of Clarkstown in 2014, which purports to set an eight-year term limit for all Clarkstown elected officials and requires a supermajority vote of the Town

Board to repeal.  These actions were brought seeking a determination that the law is invalid because it was never subject to a referendum of the Town's voters. Appellants contend that the challenge to Local Law No. 9-2014 is time-barred by a four-month or six-year statute of limitations. We disagree.

"[A] local law shall be subject to mandatory referendum if it . . . [a]bolishes, transfers or curtails any power of an elective officer" (Municipal Home Rule Law § 23 [2] [f]). Through the referendum process, such local laws must be "submitted for the approval of the electors" at a general or special election and "shall become operative as prescribed therein only if approved at such election by the affirmative vote of a majority of the qualified electors of such local government voting upon the proposition" (*id.* § 23 [1]). The referendum requirement protects the right to vote by ensuring that lawmakers cannot bind future elected officials—thereby diminishing the power of the voters who select those officials—without direct authorization from the electorate (*see Morin v Foster*, 45 NY2d 287, 287 [1978]). The right to vote, of course, " 'is of the most fundamental significance under our constitutional structure' " (*Matter of Walsh v Katz*, 17 NY3d 336, 343 [2011], quoting *Illinois Bd. of Elections v Socialist Workers Party*, 440 US 173, 184 [1979]).

Here, it was not disputed below that the Town Board was required to submit Local Law No. 9-2014 to a mandatory referendum. No such referendum was held. Therefore, the law lacks operative effect until presented to and approved by the voters (*see Matter of McCabe v Voorhis*, 243 NY 401, 410 [1926]; *see also Morin*, 45 NY2d at 293). Contrary to appellants' suggestion, the law cannot become operative through the mere passage of time. We thus conclude that, under these unique circumstances, these actions are not time

barred. Resolution of that issue is dispositive of these appeals because Local Law No. 9-2014 has no legal force or effect.[*]

Accordingly, in each appeal, the order of the Appellate Division should be affirmed, without costs.

In each case:

Order affirmed, without costs. Opinion Per Curiam. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided May 19, 2023

---

[*] Our decision renders academic the parties' remaining contentions, including the argument that Local Law No. 9-2014 conflicts with Town Law § 63 and Municipal Home Rule Law § 20.