OPINION OF THE COURT
Harry Edelstein, J.
The principal issue in this case is whether a resolution *785 adopted by the Town Board of the Town of Orangetown on December 17, 1985, which approved an employment contract between said town and defendant Donald Brenner is valid pursuant to law.
Plaintiffs instituted the instant action as taxpayers pursuant to General Municipal Law § 51. Plaintiffs seek a declaration that a certain written employment contract entered into between the town and Brenner is null and void. Plaintiffs move for summary judgment on the instant submission. Brenner has cross-moved for leave to serve an amended answer containing cross claims against defendant Town of Orange-town as well as defendants Joseph V. Colello, William Griffith and Cornelius O’Sullivan.[1] Additionally, there is also a cross motion by defendants Stanley Huested, Charles McLiverty, June Groll and John Murphy to compel discovery.
The facts on the instant submissions are largely undisputed on or about December 17, 1985, defendant Town Board adopted a resolution which approved an employment contract between the town and Brenner. The contract was to commence on December 17, 1985, and terminate on January 1, 1990.[2]
The contract also provided that Brenner was not to lose his civil service status enjoyed in his position as Executive Director of the Department of Public Works with defendant town. The contract also held that, should Brenner’s position be abolished, he would have the right to "displace any incumbent with less Town service in position in line of supervision with Employee’s present position at Employee’s [i.e., Brenner’s] then existing rate of pay”.
On Janaury 13, 1986, the successor Town Board adopted a resolution declaring that the subject agreement was illegal and invalid. Brenner continued in his capacity as Executive Director of the Department of Public Works.
On May 27, 1986, Brenner served a notice of claim upon defendant town alleging a breach of the contract agreement. Following plaintiffs’ commencement of the instant declaratory judgment action, Brenner now seeks to amend his answer to permit a cross claim as previously described.
*786 Initially, the court notes that plaintiffs have satisfied the threshold issue of standing to commence this action under General Municipal Law § 51. Turning to the merits, the court concludes that Brenner was a public officer at the time when the contract was entered into. The contract itself recognized that Brenner would not lose his civil service status. Moreover, Brenner has also argued that his position was within the civil service system in a related action before this court (see, Brenner v Town of Orangetown, 134 Misc 2d 788).[3] This being so, Brenner is a public officer whose position cannot be varied by a contract to the contrary (see, Matter of Hanwell v City of Long Beach, 61 AD2d 84, 88-89 [Hopkins, J. P.]). Accordingly, the contract adopted by resolution of defendant Town Board on December 17, 1985, is null and void and of no legal effect.
Further, the court notes that the subject contract was approved by resolution and consequently, to the extent that Brenner could rely on Municipal Home Rule Law § 10 to support his contract if a local law were enacted with respect to same, said statute is inapposite since a local law cannot include a resolution by definition (see, Municipal Home Rule Law § 2 [9]).
Moreover, assuming, arguendo, that Brenner were merely an employee, as opposed to a civil service officer, the same result would be dictated. This is so because the Town Board would not be able to bind their successors in areas related to governmental matters (Morin v Foster, 45 NY2d 287, 293). In fact a binding contractual provision with Brenner under such circumstances would offend the constitutional prohibition against gifts of public money (see, NY Const, art VIII, § 1; Matter of Hanwell v City of Long Beach, supra, at 89).
Finally, to the extent that plaintiffs seek personal liability and reimbursement of funds with respect to the defendants who voted in favor of the contract as well as judgment against Brenner for such allegedly illegal wages, the court will not grant this portion of the relief requested. General Municipal Law § 51 provides for such personal liability only when the public officials commit illegal acts in their official capacities "by collusion or otherwise”. This phrase has been interpreted to impose personal liability only if the acts were collusive, *787 fraudulent, or motivated by personal gain (see, Stewart v Scheinert, 47 NY2d 826, 827-828). On the record, there is no evidence of fraud or other personal gain. Brenner was paid the approximate equivalent as his position with Executive Director of the Department of Public Works with the town mandated. Moreover, there is no evidence to establish that the members of the Board who voted in favor of the contract obtained personal gain with respect thereto. These defendants are granted a declaration to this extent.
In sum, plaintiffs have established that the subject resolution dated December 17, 1985, is null and void and without legal effect. Plaintiffs are granted summary judgment and have a declaration to that extent. However, there has been an insufficient basis to award judgment against Brenner individually or those who voted in favor of the subject contract and said defendants are granted a declaration in their favor to this limited extent.
In view of the disposition granted in the underlying action, the cross motions (1) by Brenner for leave to serve an amended answer; and (2) by defendants Huested, McLiverty, Groll and Murphy to compel discovery are dismissed as academic.

. This motion was originally returnable on November 10, 1986. Following a preliminary conference, the court adjourned Brenner’s motion until the return date of the summary judgment application. Accordingly, Brenner’s submission will be treated as a cross motion herein.

. The contract could continue if neither party notified the other on or before May 31 of the year preceding the expiration of the contract.

. In fact, in the related action, this court concluded that the current position which Brenner holds with defendant town is still substantially the same civil service position he held as Executive Director of the Town of Orangetown’s Department of Public Works.