OPINION OF THE COURT
Harry Edelstein, J.
On December 8, 1986, respondent, the Town Board of the Town of Orangetown, enacted Local Laws 1986, No. 8. The local law abolished the Orangetown Department of Public Works (DPW) and eliminated the title of Executive Director.
Petitioner was formerly Executive Director of the DPW. By virtue of Local Laws, 1986, No. 8 of the Town of Orangetown §5, petitioner’s position was transferred to an entity desig *789 nated as the Division of Sewers. All employees of the Division of Sewers were to remain in the classified civil service system. Consequently, petitioner continued to receive the same salary, benefits, rights and privileges that he previously received in his prior position as Executive Director of the DPW.
Petitioner commenced the instant CPLR article 78 proceeding seeking to annul the implementation of Local Laws, 1986, No. 8. Petitioner contends that his prior position has been eliminated within the meaning of Civil Service Law § 80. Additionally, petitioner contends that the abolition of his position was in bad faith.
Initially, the court notes that respondents are correct in their assertion that an article 78 proceeding is not the appropriate vehicle to challenge the validity of Local Laws, 1986, No. 8. Nevertheless, the court merely converts this action to one for a declaratory judgment (CPLR 103 [c]).
Turning to the merits of the action, the court begins by noting that petitioner, as the one challenging the ordinance, has the burden of demonstrating the invalidity of the subject law (cf., Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y, 46 NY2d 358, 370). Under this standard, the court must conclude that petitioner has not sustained his burden in attacking the validity of the law. As exhibited by section 5 of said law, petitioner’s previous position was merely transferred to the Division of Sewers. It is undisputed that petitioner is still employed and receiving the same salary that he was drawing in his prior position. It follows, therefore, that petitioner’s position was not abolished within the meaning of Civil Service Law § 80.
Petitioner relies on Matter of Wipfler v Klebes (284 NY 248, 255-256) to support his contention that when an ordinance which purports to abolish a civil service position is enacted in bad faith, then such ordinance is invalid and of no effect. Wipfler is inapposite to the facts herein. In Wipfler, the civil service position was clearly abolished since the duties of a City Engineer of Elmira were conferred upon the City Manager (supra, at 252). As such, the City Engineer lost his position with the City of Elmira and employment ceased. Here, however, petitioner’s prior position as Executive Director of the DPW was transferred to the Division of Sewers and all employees in the Division, including the petitioner, retained their civil service classifications and salary. Under these circumstances, there are insufficient allegations to establish bad faith *790 on the part of respondent which would raise a triable issue of fact.*
Accordingly, the court declares that Local Laws, 1986, No. 8 of Town of Orangetown is valid and that the moving papers of the parties do not establish bad faith on behalf of respondent in enacting said ordinance.

 To the extent which petitioner contends that Local Laws, 1986, No. 8 of Town of Orangetown conflicts with petitioner’s employment contract with the Town of Orangetown, the court merely notes that said contract has been determined to be illegal and without binding effect (see, Holmes v Town of Orangetown, 134 Misc 2d 784).