Wilmer J. Patlow, J.
Petitioner is a Yates County resident and taxpayer. Respondent Carolyn M. Symonds is both a Yates County Legislator and the motor vehicle supervisor for that county. Respondent L. H. Carpenter is County Clerk of Yates County and, as such, is respondent Symonds’ immediate superior in her motor vehicle position.
The respondent board of elections and Commissioners Charlotte Walsh and Joyce L. Durham are no longer parties to this proceeding, inasmuch as the petition, as applied to them, was dismissed by this court at the time of the oral argument. The grounds for such dismissal were that the right of a county employee to run (as opposed to serving simultaneously in both capacities) could not be abridged. (27 Opns St Comp, 1971, p 125.)
This CPLR article 78 proceeding was brought by petitioner to seek a determination as to whether or not respondent Symonds can legally retain both the position of County Legislator and motor vehicle supervisor at the same time.
There are two statutory provisions which are germane. The relevant portions of both are as follows: section 205 of the County Law ("Compensation of employees”): "the compensation of all employees paid from county funds shall be fixed by the board of supervisors.” Section 801 of the General Municipal Law ("Conflicts of interest prohibited”): "(1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder.” (Emphasis supplied.)
Clearly, respondent Symonds as a member of the County Legislature has the power or duty to fix the compensation for the office of motor vehicle supervisor since such office is paid out of county funds. Neither the fact that she has refrained in the past from participating in negotiations with the collective bargaining agent, nor that she is willing in the future to abstain from voting on any and all salary matters that come before the legislative body relieves her of the "power or duty” referred to in section 801 of the General Municipal Law.
*291 The conflict between the two positions is inherent, unavoidable and inescapable.
Therefore, respondent Symonds must choose between her County Legislature seat and her position as motor vehicle supervisor. She cannot properly serve concurrently in both capacities.
In so ruling, the court is aware that the State Comptroller in a 1971 opinion refrained from declaring absolutely that one person may not simultaneously hold a seat on the county board of supervisors and another position in the same county, although the opinion goes on to state the belief that this would be a practice of questionable ethics and propriety. (27 Opns St Comp, 1971, p 125.)
However, the Attorney-General, in a more recent opinion, ruled without equivocation that a County Legislator may not be employed on a teaching staff of a county-sponsored community college located within that county. Relying on the same two statutory provisions set forth above, namely, section 205 of the County Law and section 801 of the General Municipal Law, the Attorney-General concluded that since the County Legislature is responsible for approving salaries for members of the staff of a county-sponsored community college, it would be improper for a member of that staff to serve as a County Legislator. (1975 Atty Gen [Inf Opns] [Jan. 22].)
This court in essence has applied the Attorney-General’s reasoning to the case at bar.
Respondents, in addition to their substantive arguments, have raised several procedural questions, which the court has considered but found to be without merit.
An order consistent with the foregoing may be settled upon notice.