OPINION OF THE COURT
Jones, J.
One who contracts with a municipality knowing that an employee of the governmental unit has an interest in the contract and that the employee has not disclosed that interest as required by section 803 of the General Municipal Law may not enforce performance of the agreement over the objection of the municipality.
Plaintiffs seek specific performance by the County of Putnam of a contract for the purchase by it from them of a 50-acre area of land to be used for garbage disposal and a solid waste recycling plant. The contract was executed on March 25, 1975 pursuant to approval by the county board of supervi *433 sors given that morning. Prior thereto, the Town of Carmel, within the county, had been directed by the State Department of Environmental Conservation to cease using its then garbage disposal site by March 31, 1975. Thomas Bergin, the town supervisor, searching for a replacement site, had inspected plaintiffs’ land on which stood a real estate broker’s "for sale” sign inviting inquiries to Frank Barbarita, the broker. Bergin contacted Barbarita, who arranged a meeting with plaintiff Landau in February, 1975 and, after two such meetings at which the three were present, Bergin and Landau negotiated an agreement for the county’s purchase of 50 acres of plaintiffs’ land at a price of $14,000 an acre, which was evidenced by the contract signed on March 25, 1975. Although no discussion as to a broker’s fee had preceded the contract signing, both plaintiffs and Barbarita expected that a fee would be due the broker.
At the time of the negotiations and contract execution Barbarita held a part-time salaried position with the County of Putnam as County Director of Civil Defense. With the position he also held the titles of "Federal and State Aid Coordinator” and "Engineering Coordinator”. Plaintiffs knew that Barbarita was a county employee. On the day preceding the signing of the contract the broker raised a question with Supervisor Bergin and County Attorney Winnie whether his receipt of a commission as an employee might be embarrassing. When told that it might, Barbarita stated that he could rely on plaintiffs’ recognition of their obligation to him for a broker’s fee and instructed Winnie, who was preparing the contract, that it could be drawn, as it subsequently was, with a recital that "no broker [was] in any way concerned with the transfer of this realty”. In furtherance of the intent to keep secret the fact that a fee would be received by Barbarita, no public disclosure of his role in the transaction was made prior to or at the time of the contract’s execution.
For a variety of reasons, not now pertinent, a closing on the contract had not yet taken place by July 7 and July 8, 1976 when, at a hearing being conducted by the State Investigation Commission, the participation and involvement of Barbarita in the sale came to public light. A week later the county board of supervisors passed resolutions rescinding their prior action with respect to the purchase and declaring the contract void. Plaintiffs then instituted this specific performance action.
*434 A judgment recovered by them at Trial Term of Supreme Court was reversed by the Appellate Division on two grounds —that the broker-county employee Barbarita’s interest in the contract was a prohibited interest which nullified the contract under section 804 of the General Municipal Law[1] and that enforcement of the contract against the county would contravene public policy in view of Barbarita’s failure to make written public disclosure of his interest in the contract as required by section 803[2] of the General Municipal Law, coupled with plaintiffs’ knowledge of and assistance in such statutory violation. We now affirm the disposition at the Appellate Division.
In our view section 804 of the General Municipal Law which is a part of article 18 relating to conflicts of interest of municipal officers and employees, is not applicable to the present case. We read the language of that section more narrowly than did the Appellate Division. The section makes null and void any municipal contract "in which there is an interest prohibited by this article”. The only prohibition set forth in the article is that found in section 801, which provides that no municipal officer or employee shall have an interest in a contract with his municipality if he has the power or duty to negotiate or to approve the contract or payments thereunder, to audit bills or claims under the contract, or to appoint an officer or employee with any such authority. As to contracts in which such an interest exists, section 804 of the General Municipal Law works a statutory nullification, thereby providing for municipal taxpayers the protection of a bar to any waiver of the prohibited conflicts of interest through consent of the governing body or authority of the municipality (such as may be effected in the private sector by a principal with respect to an agent who participates in the making of a contract on the principal’s behalf). Because Barbarita, the county civil defense director, lacked any au *435 thority on behalf of the County of Putnam to negotiate or approve the contract for the purchase of plaintiffs’ land, there was here present no prohibited interest resulting in nullity under section 804. To read section 803, the section mandating disclosure, as impliedly prohibiting any such interest not so disclosed, and thus to invoke the consequence of nullification of the subject contract imposed by section 804, by interpretation would extend section 804 beyond its intended scope. The Legislature was particular in its identification of prohibited interests in section 801; its failure to have included there interests undisclosed in violation of section 803, when such inclusion could so facilely have been made, suggests strongly that the inclusion should not be accomplished by inference.
It does not follow, however, as plaintiffs contend, that nondisclosure of an interest in a municipal contract by an officer or employee which falls short of the prohibition of section 801 is without significance insofar as enforcement of the agreement by the other party to the contract is concerned. It is true that a sanction against the offending public employee for nondisclosure is provided by section 805 of the General Municipal Law which makes any knowing and willful nondisclosing municipal officer or employee guilty of a misdemeanor, and that the municipality may have other practical and civil remedies against its offending employee. That is not the end of the matter however where, as here, the nonmunicipal party to the contract seeking to compel specific performance was aware of the undisclosed interest of the municipal employee and actively participated in the nondisclosure.[3]
Section 803 of the General Municipal Law is clear and explicit in imposing on a municipal officer or employee an obligation to make written public disclosure to the governing body of the municipality of an interest held or to be held by him in an actual or proposed contract with the municipality, which notice of disclosure must be made a part of the official record of proceedings of the body. The requirement extends to all such employees; it is not limited to those who have a part in the negotiation or approval of the contract.
Plaintiffs were chargeable with notice of the duty of disclosure of his expected broker’s fee which rested on the county’s employee Barbarita. They knew that the duty was being *436 violated and in fact participated in the concealment by executing the contract with its false statement that no broker was involved in the transaction. In these circumstances plaintiffs could not succeed in this action to compel performance of the contract by the county without frustrating the first expressed purpose of the enactment of article 18 of the General Municipal Law — i.e., "to protect the public from municipal contracts influenced by avaricious officers” (L 1964, ch 946, § 1). That consequence itself militates against enforcement of the contract (United States v Mississippi Val. Co., 364 US 520, 563). There is no question that the interest Barbarita would have in the contract between plaintiffs and the county was one which fell within the scope of section 803.[4] Had there been compliance with the section — rather than the concealment accomplished by Barbarita and plaintiffs — the Putnam County Board of Supervisors would have been aware, before its approval of the contract, of the fact that a county employee would receive a portion of the consideration which it was agreeing to pay to plaintiffs; from the fact of its rescission of approval almost immediately after revelation of Barbarita’s part, an inference is available that, had the county board known of it, it would not have authorized the contract under the circumstances as they then existed. At the very least, the board was entitled to the information as to Barbarita’s interest so that it might make its decision as to acceptance or rejection of the agreement with knowledge of the true facts, rather than under the misimpression, created by the absence of any disclosure, that no county officer or employee would benefit from the contract. Plaintiffs’ knowledge of and participation in Barbarita’s failure to fulfill the obligation imposed on him by section 803 infected the rights created in them by the agreement and serves to bar their petition for the equitable remedy of specific performance.
This result does no more than compel respect for the obligation of loyalty due from an agent to his principal. The agent — here, Barbarita — may not entertain an interest adverse to that of his principal nor may he obtain an advantage for himself from a transaction entered into by his principal, unless with the knowledge and consent of the latter. While these principles are generally stated with respect to one who *437 acts as agent for the principal in the negotiation of the contract (Manhattan Life Ins. Co. v Forty-Second St. & Grand St. Ferry R. R. Co., 139 NY 146, 151; cf. Restatement, Agency 2d, § 387), they apply no less to an agent-employee of the principal who is acting on behalf of the party with whom the principal is contracting; the obligation to place the principal’s interest foremost springs not from the fact of the agent’s participation in the particular transaction but from the existing relationship of principal and agent. In this case plaintiffs were fully aware that, if the sale to the county and consequent payment of fee to the broker were to be completed as anticipated, Barbarita would be violating his duty not to secure personal gain from the transaction with his principal. Knowledge by the latter of the agent’s interest, which would be a prerequisite to possible consent by the board of supervisors which might have validated the broker’s interest, was effectively precluded by Barbarita’s failure to disclose in the form and to the body specified in the statutory provision for disclosure. Plaintiffs may not enjoy the benefits of the transaction which, to their knowledge and through their assistance, incorporated Barbarita’s violation both of his fiduciary duty as an agent of the county not to benefit from his principal’s contract and of his statutory duty of disclosure of his prospective interest in the contract.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

. "§ 804. Contracts void.
"Any contract willfully entered into by or with a municipality in which there is an interest prohibited by this article shall be null, void and wholly unenforceable.”

. "§ 803. Disclosure of interest.
"1. Any municipal officer or employee who has, will have, or later acquires an interest in any actual or proposed contract with the municipality of which he is an officer or employee, shall publicly disclose the nature and extent of such interest in writing to the governing body thereof as soon as he has knowledge of such actual or prospective interest. Such written disclosure shall be made part of and set forth in the official record of the proceedings of such body.”

. We do not consider or intimate any views as to what the result would have been if plaintiffs had had no knowledge of the statutory violation.

. Section 800 of the General Municipal Law (definitions) provides: "3. 'Interest’ means a direct or indirect pecuniary or material benefit accruing to a municipal officer or employee as the result of a contract with the municipality which such officer or employee serves.”