**Saul SHAPIRO, Plaintiff,**

v.

**Peter C. ALEXANDERSON, as County Executive of the County of Putnam, County of Putnam and Emil Landau, Defendants.**

**Peter C. ALEXANDERSON, as County Executive of the County of Putnam, County of Putnam, Third Party Plaintiffs,**

v.

**Steven ESTRIN, Individually, Steven A. Estrin, Inc., Eberlin & Eberlin, P.C., Leonard J. Eder, Environmental Design Engineers, Individually and d/b/a Eberlin, Eder and Estrin, a Joint Venture, New York State Department of Environmental Conservation, and Suburban Carting, Green Refuse and A & M Carting, Third Party Defendants.**

**No. 87 Civ. 8099 (RPP).**

United States District Court, S.D. New York.

Aug. 24, 1990.

Daniel Riesel, Sive, Paget & Riesel, P.C., New York City, for plaintiff.

Edward F. Beane, Keane & Beane, P.C., White Plains, N.Y., for defendant Landau.

Michael Bubb, Maloof, Lebowitz & Bubb, New York City, for defendant County.

William J. Rada, Weiner Aliano & Catlett, Nanuet, N.Y., for third party defendant Estrin.

John E. Morris, Morris & Duffy, New York City, for third party defendant Leonard J. Eder, Environmental Design Engineers.

Donna Know, Cherico & Stix, White Plains, N.Y., for third party defendant Suburban Crating Co.

Aldo V. Vitagliano, Rye, N.Y., for Greentree Carting Co., Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Saul Shapiro ("Shapiro") moves for reargument of that part of the Opinion and Order of July 9, 1990 ("Opinion") 741 F.Supp. 472 in the above captioned case which denied the portion of Shapiro's motion for summary judgment which sought "a declaration that defendant County of Putnam [ ("County") ] is a responsible party within the meaning of [the Comprehensive Environmental Response, Compensation, and Liability Act] CERCLA, 42 U.S.C. § 9607(a)(2)." Pl. Notice of Motion.

As related in detail in the Opinion, this is a CERCLA action to recover necessary costs of response to the release and threat of release of hazardous substances at a site of land on Old Route 6, Carmel, New York ("the site"), of which Shapiro is a part owner and at which the County once operated a landfill, pursuant to a contract with Shapiro. Shapiro and the County, as an "owner" and an "operator" respectively, are both "covered persons" under 42 U.S.C. § 9607(a) and therefore potentially liable for necessary response costs. *See* Opinion 741 F.Supp. at 477–78, 478–79.

This motion concerns the rulings on whether the parties could take advantage of the narrow defense available to "covered persons" under Section 9607(b)(3). That defense is available to a covered person when it can show: (1) that a third party was the sole cause of the release or threatened release of a hazardous substance; (2) that the act or omission of the third party causing the release did not occur in the context of a contractual relationship existing directly or indirectly with the covered person; and (3) that the covered person took due care and precautions to prevent the foreseeable acts or omissions of the third party causing the release or threatened release. Section 9607(b)(3) states:

> There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by—
>
> \* \* \* \* \* \*
>
> (3) an act or omission of a third party *other* than an employee or agent of

defendant, or *than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly with the defendant* (except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

42 U.S.C. § 9607(b) (emphasis added).

The Court held that Shapiro is not entitled to a Section 9607(b)(3) defense based on his contention that the County is solely responsible for the release and threats of release of hazardous substances, because a Section 9607(b)(3) defense is not available if the "act or omission" of the party which is solely responsible "occurs in connection with a contractual relationship" with the covered person. The acts and omissions of the County, alleged by Shapiro, occurred in connection with the County's contractual relationship with Shapiro. *See* Opinion 741 F.Supp. at 478.

The Court also held that the County was not entitled to a Section 9607(b)(3) defense based on its contention that Steven Estrin ("Estrin") is solely responsible, because Estrin's alleged acts and omissions occurred in connection with a contractual relationship between Estrin and the County. *See* Opinion 741 F.Supp. at 478.

This motion is directed to the County's argument that it is entitled to a Section 9607(b)(3) defense because the owners were the sole cause of the negligence. The Court held that "[t]here are issues of fact material to whether the County exercised due care and to whether the owner's negligence caused the leachate problems. Accordingly, the County's argument that the owners are solely responsible for the release and threats of release does not entitle the County to a Section 9607(b)(3) defense on these motions." Opinion 741 F.Supp. at 478.

Shapiro argues here that the Court should not have left that issue open subject to resolution of facts, but should have held that the County's contention, that it is entitled to a Section 9607(b)(3) defense because the owners are solely responsible, is fatally flawed because the alleged acts and omissions of the owners "occur[red] in connection with a contractual relationship" with the County. The County concedes that at one time it had a contractual relationship with the owners, but the County argues that the alleged acts of the owners which render them solely responsible were not taken "in connection with [the owners'] contractual relationship" with the County.

■ Since both parties have fully briefed this issue on this motion, the Court proceeds to determine whether the original decision should be modified. Resolution of this issue requires an interpretation of the language of the "contractual relationship" exception to the Section 9607(b)(3) defense: "one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant...." 42 U.S.C. § 9607(b)(3). Shapiro argues that the terminology encompasses all acts or omissions of a party with any contractual relationship with the defendant. This broad interpretation is supported by dicta in district court opinions. *See O'Neil v. Picillo*, 682 F.Supp. 706, 728 (D.R.I.1988) (to establish a Section 9607(b)(3) defense, defendant must show that " 'a *totally unrelated third party* is the *sole* cause of the release' ") (emphasis in original) (quoting *United States v. Stringfellow*, 661 F.Supp. 1053, 1061 (C.D. Cal.1987)); *City of Philadelphia v. Stepan Chemical Co.*, 18 Envtl.L.Rep. 20133, 20134, 1987 WL 15214 (E.D.Pa.1987) (Section 9607(b)(3) defense is "limited ... to situations where the responsible party has *no* connection to the third party") (emphasis in original).

The Court, however, does not embrace the view that the contractual relationship clause encompasses all acts by a third party with any contractual relationship with a defendant. Such a construction would render the language "in connection with" mere surplusage. The act or omission must occur in a context so that there is a connection between the acts and the contractual relationship. For example, the classic scenario in which courts preclude a covered person from asserting a Section 9607(b)(3) defense is when the covered person asserting the defense is a landowner and the third-party is operating the landfill pursuant to a contract with the owner. The acts or omissions of that operator, while operating the landfill, are in connection with the landowner-operator contract and therefore preclude the owner's assertion of the Section 9607(b)(3) defense. *See* Opinion 741 F.Supp. at 478 (precluding owners from basing a Section 9607(b)(3) defense on acts of County as operator of the landfill).

█ One district court has held that the landowner-operator contractual relationship also precludes the operator from asserting a Section 9607(b)(3) defense based upon the acts or omissions of the landowner. *See United States v. Northernaire Plating Co.*, 670 F.Supp. 742, 748 (W.D.Mich.1987). *Northernaire* reasoned that allegations that the landowner neglected to care for waste being dumped by the operator constituted an omission by the landowner in connection with the operator's contract with the landowner. Shapiro argues that the ruling in *Northernaire* that the operator could not assert a Section 9607(b)(3) defense is similar to that which he seeks on this motion.

Shapiro's reliance on *Northernaire* is misplaced because there is a material distinction between the acts or omissions of the owner alleged by the operator in *Northernaire* and the acts or omissions of the owners alleged by the County. In *Northernaire*, the alleged acts or omissions of the owner occurred during the contractual relationship between the owner and operator. Here, the omission of the owners alleged by the County is the failure to properly care for the site *after* the owners-County contractual relationship had dissolved.[1] Omissions of the owners in caring for the site after the dissolution of the contract are omissions distinct from, rather than "in connection with," the contractual relationship between the County and the owners. Accordingly, the contract between the County and Shapiro does not bar the County from asserting and attempting to prove a Section 9607(b)(3) defense based on the owners' omissions after the dissolution of their contractual relationship.

The Court's conclusion is supported by the other cases cited by Shapiro in his brief on this motion. In those cases, the courts held that acts or omissions "occur[red] in connection with a contractual relationship" when the contractual relationship was still viable when the acts or omissions were committed. *See, e.g., United States v. Monsanto Co.*, 858 F.2d 160, 169 (4th Cir. 1988) (defendant who had leased site to third party could not assert Section 9607(b)(3) defense because third party committed acts and omissions at site while occupying land pursuant to the lease); *United States v. Hooker Chemicals & Plastics Corp.*, 680 F.Supp. 546, 558 (W.D.N.Y.1988) (defendant's contracts to sell site to third parties precluded defendant's assertion of Section 9607(b)(3) defense, because the acts which allegedly made the third parties solely responsible were undertaken under the terms of the defendant's deeds); *United States v. Tyson*, 17 Envtl.L.Rep. 20527, 20532, 1986 WL 9250 (E.D.Pa.1986) (defendant could not assert Section 9607(b)(3) de-

---

1. The contract provided for the sale of the owners' land to the County and provided the County with the right to commence operation of a landfill immediately. In July 1976 the County passed a resolution rescinding the contract because it had been discovered that the County Director of Civil Defense had received an illegal commission for acting as real estate broker on the deal. The contract between the County and the owners was declared void and unenforceable by the Appellate Division (Second Department on December 29, 1978. *See* Opinion 741 F.Supp. at 474–475 (discussing *Landau v. Percacciolo*, 66 A.D.2d 80, 412 N.Y.S.2d 378 (2d Dept.1978), aff'd, 50 N.Y.2d 430, 429 N.Y.S.2d 566, 407 N.E.2d 412 (1980)).

fense because its contractual relationships made it an owner and founder of the third party which was allegedly solely responsible). Here, the contractual relationship had dissolved and therefore the alleged omissions of the owners were not in connection with the contract.

### Conclusion

The motion for reargument is denied and the Opinion is not modified.

All parties, including third party plaintiffs and third party defendants, are to attend a pretrial conference at 9:00 A.M. on August 29, 1990.

IT IS SO ORDERED.