■ In the Matter of RAMAPO CARTING CORPORATION, Appellant, v HERBERT REISMAN, as Supervisor of the Town of Ramapo, et al., Respondents. [596 NYS2d 602] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Pirro, J.), entered November 18, 1991 in Rockland County,

which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a resolution of the Town Board of the Town of Ramapo awarding a contract to respondent Browning-Ferris Industries of New York, Inc.

In July 1991 the Town Board of the Town of Ramapo adopted a resolution which approved the bid of respondent Browning-Ferris Industries of New York, Inc. for the provision of trash, garbage and recyclable pick-up services for a term of five years, commencing January 1, 1992. Petitioner, an unsuccessful bidder, commenced this CPLR article 78 proceeding to have the resolution annulled and the contract subsequently executed by the Town and Browning-Ferris declared null and void. We affirm Supreme Court's dismissal of the petition.

There is no merit in petitioner's contention that the resolution and contract must be annulled because of the Town's failure to follow the procedural requirements of General Municipal Law § 120-w. Assuming that the statute was applicable to this type of contract, there is specific provision for the alternate use of the procedural requirements contained in General Municipal Law § 103 (General Municipal Law § 120-w [4] [e]), which is what the Town did here.

Petitioner also contends that the resolution and contract are void because the contract term of five years exceeds the two-year term of the Town Board and, therefore, violates the principle that the Town Board cannot "bind the hands of its successors in areas relating to governmental matters" (Morin v Foster, 45 NY2d 287, 293; see, Matter of Lake v Binghamton Hous. Auth., 130 AD2d 913, 914).* The contract provides that its term is for no more than five years "unless otherwise terminated" and section 6.5 of the contract provides that "[t]he Town may, at its option, terminate this Contract upon thirty (30) days notice to the Contractor if deemed in the best interest of the Town". Petitioner contends that the placement of this provision in the chapter entitled "Remedies in Case of Contractor's Default" makes it inapplicable in the absence of a default, but the parties to the contract, i.e., the Town and Browning-Ferris, agree that the provision gives the Town the authority to terminate the contract at any time. In any event, we are of the view that in the circumstances of this case, the

---

* Respondents question the applicability of this common-law principle to a contract for the provision of trash pick-up services which has been subjected to the statutory competitive bidding requirements. For the purposes of this appeal we have assumed that the principle is applicable, without deciding the issue raised by respondents.

five-year term would not render the contract void, but would permit the successor Town Board to determine that it is not bound by the extended term provision of the contract *(see, Matter of Lake v Binghamton Hous. Auth., supra,* at 915). Petitioner is therefore not entitled to the relief requested in the petition.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.