■ CKC OF NEW YORK, INC., et al., Appellants, et al., Plaintiffs, v JOEL KLEIMAN et al., Defendants, and VILLAGE OF WASHINGTONVILLE, Respondent. [679 NYS2d 637] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review an assessment by the Village of Washingtonville on certain real property, which was converted into an action for a judgment

declaring the parties' rights under a contract, the plaintiffs CKC of New York, Inc., and Sunset Meadows Associates, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated September 8, 1997, as granted that branch of the motion of the defendant Village of Washingtonville which was to dismiss so much of the action as was asserted by those plaintiffs against it as untimely.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was to dismiss so much of the action as was asserted by the appellants against the Village of Washingtonville is denied, and the action is reinstated insofar as asserted by the appellants against the Village of Washingtonville.

This CPLR article 78 proceeding, converted into an action for a declaratory judgment, was commenced to challenge the validity of the action of the Village of Washingtonville in placing a special assessment on certain real property. The appellants alleged, *inter alia*, that they entered into an agreement with the Village which provided a formula fixing the appellants' obligation to contribute funds for the expansion of the Village's sewage treatment plant, and sought a determination cancelling the "illegal tax". The Supreme Court granted the Village's motion to dismiss the matter, finding that it was governed by the four-month period of limitation set forth in CPLR 217. We disagree.

In applying the Statute of Limitations, the courts look to the nature of the action and not its form (*cf., Solnick v Whalen,* 49 NY2d 224; *Matter of Scarborough School Corp. v Assessor of Town of Ossining,* 97 AD2d 476). Here, the property owners are challenging the Village's tax levy based upon a contract entered into between the Village and the property owners and, under such circumstances, we conclude that the six-year Statute of Limitations applies (*see, Matter of Troy Towers Redevelopment Co. v City of Troy,* 51 AD2d 173, *affd* 41 NY2d 816; CPLR 213 [2]). As such, the action was timely commenced. Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.