[740 NYS2d 526]

In the Matter of JOHN L. KAREDES, Respondent-Appellant, v MICHAEL E. COLELLA, as Mayor of the Village of Endicott, et al., Appellants-Respondents.

Third Department, April 18, 2002

## APPEARANCES OF COUNSEL

*MacKenzie & Hughes L.L.P.,* Syracuse (*David M. Garber* of counsel), for appellants-respondents.

*High, Swartz, Roberts & Seidel,* Norristown (*John A. Gallagher* of counsel), for respondent-appellant.

MUGGLIN, J.

Since 1996, petitioner has been retained as an independent contractor by respondent Village of Endicott to manage its En-Joie Golf Club. In early 2000, petitioner negotiated a renewal of his management contract which was approved by the Village Board of Trustees (hereinafter Board) by a vote of 4 to 3, but respondent Mayor of the Village publicly announced his refusal to sign the contract on behalf of the Village. Despite a specific request from the Board and numerous demands by petitioner, to which there was no direct response by the Mayor, the contract remained unsigned. As a consequence, in December 2000, petitioner commenced this proceeding pursuant to CPLR article 78 seeking a writ of mandamus to compel the Mayor to execute the contract and also seeking declaratory and injunctive relief. Prior to answering, respondents moved to dismiss, asserting that the proceeding was not timely commenced and the petition failed to state a cause of action upon which relief could be predicated. After determining that the relief sought in the nature of mandamus was time barred, Supreme Court converted the petition to an action for declaratory judgment and, on the merits, declared that the contract was valid and enforceable, notwithstanding the absence of the Mayor's signature. Respondents now appeal and petitioner cross appeals with respect to the dismissal of that portion of the petition which sought a writ of mandamus.

With respect to the procedural issues raised, we first address the cross appeal and affirm the dismissal of the mandamus petition as time barred. At the Board meeting held March 27, 2000, the Mayor publicly and unequivocally stated his refusal to sign the contract. In addition, petitioner acknowledged the Mayor's refusal to sign the contract in a June 9, 2000 memorandum that he directed to the Mayor. "In a proceeding to compel compliance with a statutory duty, the limitations period commences to run from the date upon which the officer or body refuses to honor a demand for such compliance * * *" (*Matter of Waterside Assoc. v New York State Dept. of Envtl. Conservation*, 127 AD2d 663, 665, *affd* 72 NY2d 1009 [citations omitted]). We conclude that, as of March 27, 2000, petitioner was on notice that the Mayor had " 'arrived at a definitive position on the issue that inflict[ed] an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank*, 473 US 172,

193), and the statute of limitations commenced running from that date. Consequently, this proceeding commenced in December 2000 is outside of the four-month statute of limitations governing CPLR article 78 proceedings (*see*, CPLR 217).

■ We next address respondents' claim that the portion of the pleading which seeks relief in the nature of a declaratory judgment is also barred by the statute of limitations. Their argument is that before the Mayor could be compelled in the mandamus proceeding to sign the contract, it was necessary for Supreme Court to determine the validity of the contract and, therefore, the declaratory relief is also governed by the four-month statute of limitations. We are unpersuaded. The power to contract with respect to the management of Village property is vested in the Board (*see*, Village Law § 4-412) and the Mayor is required to execute all contracts in the name of the Village (*see*, Village Law § 4-400 [1] [i]). The adoption of the resolution by the Board creates a valid contract and the execution of it by the Mayor is simply a ministerial act. The absence of his signature has no effect on the validity of the contract (*see*, *Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 150). The mandamus proceeding seeks only to compel the Mayor to perform a duty enjoined upon him by law. The Mayor has no power to refuse to execute a contract on behalf of the Village based on a claim of invalidity nor may he veto an act of the Board. We thus conclude that petitioner's request for a declaratory judgment is not governed by the four-month statute of limitations found in CPLR 217. Rather, we look to the form of the action or proceeding to see what limitation period governs the declaratory judgment action (*see*, *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202). Here, the relief sought is a determination of petitioner's contractual rights and is governed by the six-year statute of limitations found in CPLR 213 (2) (*see*, *Solnick v Whalen*, 49 NY2d 224, 229). We conclude, therefore, that Supreme Court properly converted the proceeding to an action for a declaratory judgment (*see*, *CKC of N.Y. v Kleiman*, 255 AD2d 286, 287).

The precise dispositive substantive issue on this appeal is whether a village board may bind future boards to a contract with a consultant for the management of its golf course. Supreme Court concluded that the Board may do so because the Village owns and operates its golf course in its proprietary

capacity, not its governmental capacity.\* We find it unnecessary to decide that issue because we believe the proper focus of the inquiry should be on the nature of the contract.

Many cases hold that, at least when operating in its governmental capacity, municipal boards may not bind successor boards by entering into contracts for professional services which extend beyond the term of the board (*see, Morin v Foster*, 45 NY2d 287; *Matter of Ramapo Carting Corp. v Reisman*, 192 AD2d 922; *Matter of Martin v Hennessy*, 147 AD2d 800; *Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d 913; *Matter of Harrison Cent. School Dist. v Nyquist*, 59 AD2d 434, *lv denied* 44 NY2d 645; *Edsall v Wheler*, 29 AD2d 622). The purpose behind the rule is to not curtail the discretionary power of elected officials by preventing them from choosing for themselves those professionals "with whom they are compatible" (*Morin v Foster*, 61 AD2d 1130, 1132, *affd* 45 NY2d 287).

■ Although he first argued to the contrary, petitioner has conceded that his is a professional services contract (since only by this expediency could he avoid the competitive bidding requirement of General Municipal Law § 103). We find no authority which supports a rule that a municipality, while acting in either capacity, may bind future boards to a contract for professional services, absent express legislative authority for doing so (*see, Murphy v Erie County*, 34 AD2d 295, 298). Although the issue seems not to have been previously addressed by any appellate court in this state, given the salutary purpose behind the term limitation rule (and the fact that losses incurred in the operation of the golf course would burden the taxpayers of the municipality), we perceive no reason why a municipality's contract for professional services should not be governed by the term limit rule regardless of whether the municipality is acting in its governmental or its proprietary capacity.

Lastly, we note that the normal rule would prevent converting a CPLR 3211 motion to one for summary judgment and deciding it without prior notice to the parties and without permitting the respondents to answer (*see, Matter of Phillips v Town of Clifton Park Water Auth.*, 215 AD2d 924, 926; *see also,*

---

\* Supreme Court correctly observed the general uncertainty which envelops this issue (*see, Little Joseph Realty v Town of Babylon*, 41 NY2d 738, 742; *Nehrbas v Incorporated Vil. of Lloyd Harbor*, 2 NY2d 190, 194) and the absence of case law in New York concerning in what capacity a municipality operates a golf course (*see,* 10 McQuillin, Municipal Corporations § 53.115, at 210 [3d ed]).

CPLR 7804 [f]). Here, however, this precise dispositive issue was urged by respondents as the basis for granting their CPLR 3211 (a) (7) motion, was fully briefed and argued by the parties before Supreme Court, and is solely an issue of law. Therefore, no purpose exists for remitting the case to Supreme Court to allow respondents to submit an answer raising this identical issue (*see, e.g., Matter of De Vito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681; *Matter of Kane v New York State Dept. of Correction,* 21 AD2d 919, 920; *see also, Matter of Bayswater Health Related Facility v New York State Dept. of Health,* 57 AD2d 996). In view of this determination, we need not address the other issues raised by the parties.

MERCURE, J.P., CREW III, ROSE and LAHTINEN, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared the contract valid and enforceable; said contract is declared void and unenforceable to the extent that it is violative of the term limit rule; and, as so modified, affirmed.