Edward W. Riley, Esq. Informal Opinion Village Attorney No. 2004-8 Village of Brockport 49 State Street Brockport, New York, 14420
Dear Mr. Riley:
You have requested an informal opinion about whether a written employment contract between the Village Board of Trustees ("the Board") and the Village Police Chief, an appointed official, for a term extending beyond the elected term of any member of that Board, is binding on the Village. If the contract is non-binding, you ask about the extent to which it is void. You further noted the absence of any statute or local law specifically authorizing the Board to bind a successor Board to such a contract.
As your letter suggests, prior case law and opinions of this Office recognize that, absent specific statutory authority, a municipal governing body such as the Board does not have the power to enter into a professional employment contract for the performance of governmental functions that will be binding on that body's successors. See, e.g., Matter of Karedes v. Colella,100 N.Y.2d 45 (2003); Morin v. Foster, 45 N.Y.2d 287 (1978); Matter ofHarrison Cent. Sch. Dist. v. Nyquist, 59 A.D.2d 434 (3d Dep't 1977), lv. denied, 44 N.Y.2d 645 (1978); Edsall v. Wheler,29 A.D.2d 622 (4th Dep't 1967); Abrams v. Horton, 18 A.D. 208 (2d Dep't 1897); Op. Att'y Gen. (Inf.) No. 90-50. The reason for this rule is that elected officials must be able to exercise legislative and governmental powers within their own sound discretion: thus, municipal officials are generally prohibited from legislating in these areas in a manner that limits the discretion of their successors. See Matter of Karedes,100 N.Y.2d at 50; Morin, 45 N.Y.2d at 293; Op. Att'y Gen. (Inf.) No. 90-50.
In Matter of Karedes, the Court of Appeals clarified that a legislative body may bind a successor board with respect to proprietary matters. 100 N.Y.2d at 50 ("In business or proprietary matters, by contrast, a municipality is not necessarily bound by [the term-limits] standard and may conduct itself as any other private business under similar circumstances."). However, the subject of your inquiry — the provision of police protection — involves a traditional governmental function, not a proprietary matter. See, e.g.,Miller v. State, 62 N.Y.2d 506, 512 (1984) (the maintenance of general police protection involves a purely governmental function for purposes of sovereign immunity); Wilcox v. Rochester, 190 N.Y. 137,144 (1907) (appointment and maintenance of police force is governmental duty for purposes of municipal liability). Cf.Matter of Karedes, 100 N.Y.2d at 50 ("Proprietary functions are those `in which governmental activities essentially substitute for or supplement traditionally private enterprises.'" (quotingSebastian v. State of New York, 93 N.Y.2d 790, 793 (1999))). Thus, a contract for employment of a police chief is the type of professional services contract that falls within the purview of the rule against binding successor boards.
It therefore follows that unless specifically authorized by statute, an employment contract with the Village Police Chief may not extend beyond the life of the Board that enters into that contract.[1] Under those circumstances, such a contract would constitute an invalid exercise of the power of the existing Board and could be revoked by a successor Board. See, e.g., Matter ofRamapo Carting Corp. v. Reisman, 192 A.D.2d 922, 923 (3d Dep't 1993); Matter of Harrison Cent. Sch. Dist. v. Nyquist, 59 A.D.2d 434.
You have further asked whether a contract that purports to be binding on future Boards would be void ab initio and thus unenforceable against the Village Board that entered the contract. In addressing the effect of similar contracts providing for an extended term, New York courts have concluded that the "term [of employment] would not render the contract void, but would permit the successor [municipal] Board to determine that it is not bound by the extended term provision of that contract." Matter ofRamapo Carting Corp. v. Reisman, 192 A.D.2d at 923 (citing Matterof Lake v. Binghamton Housing Auth., 130 A.D.2d 913, 915 (3d Dep't 1987)). In Matter of Lake, which involved facts similar to those described in your request, the Third Department affirmed an order invalidating as void, on public policy grounds, only so much of a multi-year employment contract between a local housing authority's board of directors and its executive director as provided for a term of employment extending beyond the term of the contracting board. See 130 A.D.2d at 915; id. (noting that since the trial court "clearly invalidated only the extended term provisions of petitioner's contract," "there was nothing inconsistent" about "granting petitioner the various termination benefits provided for in the contract").
This analysis is consistent with the principle that courts should avoid "declar[ing] void contracts formally entered into by a municipality which deal with a subject matter for which the municipality has the undoubted right to contract, simply because the contracts might extend for too long a period." Highlands v.Weyant, 38 A.D. 256, 257 (2d Dep't) (emphasis omitted) (declining to declare contracts between sewer and water districts and village void ab initio based upon unlimited duration), appeal dismissed,30 N.Y.2d 948 (1972).
Likewise, under ordinary principles of contract interpretation, courts will generally limit a written employment contract and related agreement whose long or unlimited duration makes it unreasonable or void and unenforceable to a reasonable period, to best effectuate the intent of the parties. It will then enforce the contract as limited rather than invalidate it in its entirety.[2] Moreover, "[w]hen evidence is lacking that both parties intended to violate the law, a contract that may be construed both lawfully and unlawfully should be construed in favor of its legality." Bloomfield v. Bloomfield, 97 N.Y.2d 188,193 (2001).
In light of this practice, it appears that the public policy concerns that preclude municipal legislators from entering into an employment contract for performance of a governmental function that is binding beyond the term of that legislature would not serve as an absolute bar to the enforcement of such a contract that is for a lawful municipal purpose and is otherwise valid.
Accordingly, it is our opinion that the extended term of the Village Police Chief's employment contract, standing alone, would not render that contract void and unenforceable during the existence of the Board that entered into it. Assuming that there is no independent legal barrier to its enforcement (which we do not address here), such a contract could remain in effect until disaffirmed by a successor Board.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
 By: _______________________ Melanie Oxhorn Assistant Solicitor General
[1] We understand that the Village Mayor and Trustees serve staggered two-year terms; the current terms of the Mayor and two Trustees will end in 2004 and the terms of the other two Trustees will end in 2005. Because you have indicated that the contract in question will extend beyond 2005 and thus beyond the elected terms of all of the members of the Board that entered the contract, it is clear that such a contract purports to be binding on a successor Board. Cf. Op. Att'y Gen. (Inf.) No. 90-50 (where, as here, the terms of a contracting legislative body's members are staggered, a "successor legislature" exists "at the time successor legislators assume office").
[2] See Lee v. Jenkins Bros., 268 F.2d 357, 364-65 (2d Cir. 1959) (recognizing that "the weight of authority appears to favor the effectuation of the intent of the parties even though some aspects of the agreement are not fixed with precision" and thus "read[ing] into the agreement an obligation on the part of [the employee] to work for . . . a `reasonable' period of time, if he wished to qualify for a pension"); Garber Bros., Inc. v. Evlek,122 F. Supp.2d 375, 383 (E.D.N.Y. 2000) (employee's non-compete agreement); Town Line Repairs, Inc. v. Anderson, 90 A.D.2d 517,518 (2d Dep't 1982) (covenant not to compete pursuant to sale of business); see also 1979 Op. Att'y Gen. (Inf.) 190 (municipal water contract indefinite as to time is not void and runs for a reasonable time or for period implied under the circumstances within statutorily prescribed maximum period).